Text Size: A A **A**

Case Search          Minute Entry Search          Case Notification          Help

Home / Case Search

## Public Access to Court Information



### Case Search

<< return to search results          Printer Friendly Version

new case search >>

Case Information



| | | | |
|---|---|---|---|
| Case Number: | S-8015-CV-201900563 | | |
| Title: | Kingman Hospital Inc. et al. | Category: | Civil |
| Court: | Mohave County Superior | Filing Date: | 6/18/2019 |
| Judge: | N/A | Disposition Date: | |

**ABBOTT LABORATORIES**   DEFENDANT - D 24

**ABBOTT LABORATORIES INC.**   DEFENDANT - D 25

**ACTAVIS LLC**   DEFENDANT - D 33

**ACTAVIS PHARMA, INC.**   DEFENDANT - D 34

**ALLERGAN PLC**   DEFENDANT - D 32

**AMERISOURCEBERGEN DRUG CORPORATION**   DEFENDANT - D 38

**AMNEAL PHARMACEUTICALS INC.**   DEFENDANT - D 17

**AMNEAL PHARMACEUTICALS LLC**   DEFENDANT - D 16

**ANDA, INC.**   DEFENDANT - D 35

**ANSSEN PHARMACEUTICALS, INC.**   DEFENDANT - D 22

**ARIZONA SPINE AND JOINT HOSPITAL LLC**   PLAINTIFF - P 2

**ASSERTIO THERAPEUTICS, INC.**   DEFENDANT - D 26

**BULLHEAD CITY HOSPITAL CORPORATION**   PLAINTIFF - P 3

**CARDINAL HEALTH, INC.**   DEFENDANT - D 40

**CARONDELET ST. JOSEPH'S HOSPITAL**   PLAINTIFF - P 4

**CEPHALON, INC.**   DEFENDANT - D 20

**CVS HEALTH CORPORATION**   DEFENDANT - D 44

**CVS INDIANA, L.L.C.**   DEFENDANT - D 46

**CVS PHARMACY INC.**   DEFENDANT - D 45

**ENDO HEALTH SOLUTIONS INC.**   DEFENDANT - D 27

**ENDO PHARMACEUTICALS INC.**   DEFENDANT - D 28

**RUSSELL GASDIA**   DEFENDANT - D 15

**H.D. SMITH, LLC**   DEFENDANT - D 36

**HENRY SCHEIN, INC.**   DEFENDANT - D 37

**HOLY CROSS HOSPITAL INC.**   PLAINTIFF  -  P 5

**HOSPITAL DEVELOPMENT OF WEST PHOENIX INC.**   PLAINTIFF  -  P 6

**JANSSEN PHARMACEUTICA, INC.**   DEFENDANT  -  D 23

**JOHNSON & JOHNSON**   DEFENDANT  -  D 21

**KINGMAN HOSPITAL INC.**   PLAINTIFF  -  P 1

**KROGER LIMITED PARTNERSHIP II**   DEFENDANT  -  D 43

**CRAIG LANDAU**   DEFENDANT  -  D 14

**MALLINCKRODT PLC**   DEFENDANT  -  D 30

**MALLINCKRODT, LLC**   DEFENDANT  -  D 29

**MIAMI-LUKEN INC.**   DEFENDANT  -  D 39

**NORAMCO, INC.**   DEFENDANT  -  D 49

**NORTHWEST HOSPITAL, LLC**   PLAINTIFF  -  P 7

**OASIS HOSPITAL**   PLAINTIFF  -  P 8

**ORO VALLEY HOSPITAL LLC**   PLAINTIFF  -  P 9

**ORTHAPEDIC AND SURGICAL SPECIALTY COMPANY**   PLAINTIFF  -  P 10

**PURDUE PHARMA L.P.**   DEFENDANT  -  D 1

**PURDUE PHARMA, INC.**   DEFENDANT  -  D 2

**RITE AID OF MARYLAND, INC.**   DEFENDANT  -  D 41

**BEVERLY SACKLER**   DEFENDANT  -  D 5

**DAVID SACKLER**   DEFENDANT  -  D 6

**JONATHAN SACKLER**   DEFENDANT  -  D 8

**KATHE SACKLER**   DEFENDANT  -  D 9

**MORTIMER D.A. SACKLER**   DEFENDANT  -  D 10

**RICHARD SACKLER**   DEFENDANT  -  D 4

**THERESA SACKLER**   DEFENDANT  -  D 11

**ILENE SACKLER LEFCOURT**   DEFENDANT  -  D 7

**SPECGX, LLC**   DEFENDANT  -  D 31

**ST. MARY'S HOSPITAL OF TUCSON**   PLAINTIFF  -  P 11

**JOHN STEWART**   DEFENDANT  -  D 12

**TEVA PHARMACEUTICAL INDUSTRIES, LTD**   DEFENDANT  -  D 18

**TEVA PHARMACEUTICALS USA, INC**   DEFENDANT  -  D 19

**THE KROGER CO.**   DEFENDANT  -  D 42

**THE PURDUE FREDERICK COMPANY**   DEFENDANT  -  D 3

**MARK TIMNEY**   DEFENDANT  -  D 13

**VHS ACQUISITION SUBSIDAIARY NUMBER 1, INC**   PLAINTIFF  -  P 12

**VHS OF ARROWHEAD, INC.**   PLAINTIFF  -  P 13

**WAL-MART INC.**   DEFENDANT  -  D 47

**WAL-MART STORES EAST, LP**   DEFENDANT  -  D 48

**WALGREENS BOOTS ALLIANCE, INC.**   DEFENDANT  -  D 50

**ADAM P WEISMAN**   ATTORNEY  -  Y 2

**BRYAN WHITNEY**   ATTORNEY  -  Y 1

Case Activity

| Date | Description | Party |
|------|-------------|-------|
| 8/8/2019 | ORDER: Extending Time | D 37 |
| 8/8/2019 | ORDER: Extending Time | P 1 |
| 8/7/2019 | STIPULATION: STIPULATION TO EXTEND TIME | P 1 |
| 8/7/2019 | NOTICE: Appearance | D 37 |
| 8/7/2019 | STIPULATION: STIPULATION TO EXTEND TIME | D 37 |
| 6/25/2019 | ORDER: COURT ORDER / RULING | P 1 |
| 6/25/2019 | ORDER: COURT ORDER / RULING | P 1 |
| 6/19/2019 | NOTICE: Notice | P 1 |
| 6/19/2019 | NOTICE: Notice | P 1 |
| 6/19/2019 | EMAIL SENT WITH ATTACHED DOCUMENT -Notice re Admin Order 201 | D 1 |
| 6/19/2019 | EMAIL SENT WITH ATTACHED DOCUMENT -Notice re Admin Order 201 | D 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |

| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
|-----------|------------------|-----|
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | SUMMONS: SUMMONS | P 1 |
| 6/18/2019 | INDICATOR: DISCOVERY TIER 3 | P 1 |
| 6/18/2019 | COMPLAINT: Complaint | P 1 |
| 6/18/2019 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 6/18/2019 | ORDER: COURT ORDER / RULING | P 1 |
| 6/18/2019 | ORDER: COURT ORDER / RULING | P 1 |
| 6/18/2019 | ORDER: COURT ORDER / RULING | P 1 |

**NOTES:**

**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View.  How?**

**The following case types are excluded from search results:** sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual subscription fee. If interested, please Contact Us

**Case info is updated on this website daily. Information is updated each Friday to reflect case information through the Wednesday of the same week.**

Person/Attorney Filing: Bryan R. Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Walgreens Boots Alliance, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZTurboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Noramco, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZTurboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.                                           Case No.   S8015CV201900563
Purdue Pharma L.P., et al.
Defendant(s).                                **SUMMONS**

To: Wal-Mart Stores East, LP

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZTurboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Wal-Mart Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),                                    Case No.   S8015CV201900563
v.
Purdue Pharma L.P., et al.                       **SUMMONS**
Defendant(s).

To: CVS Indiana, L.L.C.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: CVS Pharmacy Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.  S8015CV201900563

**SUMMONS**

To: CVS Health Corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZTurboCourt.gov Form Set #3547716

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #354/7710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Kroger Limited Partnership II

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
    Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

|  |  |
|---|---|
| Kingman Hospital Inc., et al.<br>Plaintiff(s),<br>v.<br>Purdue Pharma L.P., et al.<br>Defendant(s). | Case No.   S8015CV201900563<br><br>**SUMMONS** |

To: The Kroger Co.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Rite Aid of Maryland, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
    Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| Kingman Hospital Inc., et al.<br>Plaintiff(s),<br>v.<br>Purdue Pharma L.P., et al.<br>Defendant(s). | Case No.   S8015CV201900563<br><br>**SUMMONS** |

To: Cardinal Health, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.  S8015CV201900563

**SUMMONS**

To: Miami-Luken Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),                                   Case No.   S8015CV201900563
v.
Purdue Pharma L.P., et al.                      **SUMMONS**
Defendant(s).

To: Amerisourcebergen Drug Corporation

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
    Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Henry Schein, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: H.D. Smith, LLC, FKA H.D. Smith Wholesale Drug Co.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Anda, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
    Plaintiff(s),
v.
Purdue Pharma L.P., et al.
    Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Actavis Pharma, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #354771@

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Actavis LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Allergan PLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.                                          Case No.   S8015CV201900563
Purdue Pharma L.P., et al.
Defendant(s).                               **SUMMONS**

To: Specgx, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Mallinckrodt PLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R. Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Mallinckrodt, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Endo Pharmaceuticals Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
    Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZTurboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Endo Health Solutions Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R. Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Assertio Therapeutics, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Abbott Laboratories Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Abbott Laboratories

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Janssen Pharmaceutica, Inc., NKA Janssen Pharmaceuticals, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| Kingman Hospital Inc., et al.<br>Plaintiff(s),<br>v.<br>Purdue Pharma L.P., et al.<br>Defendant(s). | Case No.   S8015CV201900563<br><br>**SUMMONS** |

To: Anssen Pharmaceuticals, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #354/710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| Kingman Hospital Inc., et al.<br>Plaintiff(s),<br>v.<br>Purdue Pharma L.P., et al.<br>Defendant(s). | Case No.   S8015CV201900563<br><br>**SUMMONS** |

To: Johnson & Johnson

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Cephalon, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),                                        Case No.   S8015CV201900563
v.
Purdue Pharma L.P., et al.                           **SUMMONS**
Defendant(s).

To: Teva Pharmaceuticals USA, Inc

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
    Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Teva Pharmaceutical Industries, LTD

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #354/7710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),                                        Case No.   S8015CV201900563
v.
Purdue Pharma L.P., et al.                           **SUMMONS**
Defendant(s).

To: Amneal Pharmaceuticals Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

AZturboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Amneal Pharmaceuticals LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
    Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Russell Gasdia

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),                                    Case No.   S8015CV201900563
v.
Purdue Pharma L.P., et al.                       **SUMMONS**
Defendant(s).

To: Craig Landau

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.                                                    Case No.   S8015CV201900563
Purdue Pharma L.P., et al.
Defendant(s).                                         **SUMMONS**

To: Mark Timney

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: John Stewart

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.    S8015CV201900563

**SUMMONS**

To: Theresa Sackler

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R. Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| Kingman Hospital Inc., et al.<br>Plaintiff(s),<br>v.<br>Purdue Pharma L.P., et al.<br>Defendant(s). | Case No.   S8015CV201900563<br><br>**SUMMONS** |

To: Mortimer D.A. Sackler

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #354770

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),                                    Case No.   S8015CV201900563
v.
Purdue Pharma L.P., et al.                       **SUMMONS**
Defendant(s).

To: Kathe Sackler

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Jonathan Sackler

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
    Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

AZturboCourt.gov Form Set #3547710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.    S8015CV201900563

**SUMMONS**

To: Ilene Sackler Lefcourt

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: David Sackler

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

AZTurboCourt.gov Form Set #354710

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

| | |
|---|---|
| Kingman Hospital Inc., et al.<br>Plaintiff(s),<br>v.<br>Purdue Pharma L.P., et al.<br>Defendant(s). | Case No.   S8015CV201900563<br><br>**SUMMONS** |

To: Beverly Sackler

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #354T710

2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Richard Sackler

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



2

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.                                                    Case No.   S8015CV201900563
Purdue Pharma L.P., et al.
Defendant(s).                                         **SUMMONS**

To: The Purdue Frederick Company

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street,
   Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #3547710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.
Purdue Pharma L.P., et al.
Defendant(s).

Case No.   S8015CV201900563

**SUMMONS**

To: Purdue Pharma, Inc.

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #354/710

Person/Attorney Filing: Bryan R Whitney
Mailing Address: 111 N. 4th St.
City, State, Zip Code: Kingman, AZ 86401
Phone Number: (928) 753-5295
E-Mail Address: brw@abwhitneylaw.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 024132, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MOHAVE

Kingman Hospital Inc., et al.
Plaintiff(s),
v.                                          Case No.   S8015CV201900563
Purdue Pharma L.P., et al.
Defendant(s).                               **SUMMONS**

To: Purdue Pharma L.P.

## WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 401 E. Spring Street, Kingman, Arizona 86401 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MOHAVE

SIGNED AND SEALED this date:*June 18, 2019*

*VIRLYNN TINNELL*
Clerk of Superior Court

By:*DRAMOS*
Deputy Clerk



AZturboCourt.gov Form Set #354/7710

FILED
MIRLYNN TINNELL
CLERK, SUPERIOR COURT
06/18/2019  4:03PM
BY: DRAMOS
DEPUTY

Case No.: S8015CV201900563
HON. ERIC GORDON

1   Bryan Whitney (AZ Bar No. 024132)
2   WHITNEY & WHITNEY, PLLC
    111 N. 4th St.
3   Kingman, AZ 86401
    Telephone: 928-753-5295
4

5   ATTORNEY FOR PLAINTIFFS
    *Other counsel listed on signature page*
6

7            SUPERIOR COURT OF THE STATE OF ARIZONA
               IN AND FOR THE COUNTY OF MOHAVE
8

9   KINGMAN HOSPITAL, INC.; ARIZONA
    SPINE AND JOINT HOSPITAL LLC;
10  BULLHEAD CITY HOSPITAL
    CORPORATION; CARONDELET ST.
11  JOSEPH'S HOSPITAL; HOLY CROSS          Case No. _____
    HOSPITAL, INC.; HOSPITAL
12  DEVELOPMENT OF WEST PHOENIX,           **COMPLAINT**
13  INC.; NORTHWEST HOSPITAL, LLC;
14  OASIS HOSPITAL; ORO VALLEY             **(Violation of RICO, A.R.S § 13-2314.04)**
    HOSPITAL, LLC; ORTHOPEDIC AND          **(Violation of AZ's Consumer Fraud Act,**
15  SURGICAL SPECIALTY COMPANY,            **A.R.S. § 44-1522)**
    LLC; ST. MARY'S HOSPITAL OF            **(Negligence)**
16  TUCSON; VHS ACQUISITION                **(Nuisance)**
17  SUBSIDIARY NUMBER 1, INC.; and         **(Unjust Enrichment)**
    VHS OF ARROWHEAD, INC.,                **(Fraud and Deceit)**
18                                         **(Civil Conspiracy)**
19  Plaintiffs.                            **(Fraudulent Concealment)**

20  v.

21
    PURDUE PHARMA L.P.; PURDUE
22  PHARMA, INC.; THE PURDUE
    FREDERICK COMPANY; RICHARD
23  SACKLER; BEVERLY SACKLER; DAVID
24  SACKLER; ILENE SACKLER LEFCOURT;
    SACKLER; KATHE SACKLER;
25  MORTIMER D.A. SACKLER; THERESA
    SACKLER; JOHN STEWART; MARK
26  TIMNEY; CRAIG LANDAU; RUSSELL
27  GASDIA; AMNEAL PHARMACEUTICALS,

LLC; AMNEAL PHARMACEUTICALS,
INC.; TEVA PHARMACEUTICAL
INDUSTRIES, LTD.; TEVA
PHARMACEUTICALS USA, INC.;
CEPHALON, INC.; JOHNSON &
JOHNSON; JANSSEN
PHARMACEUTICALS, INC.; JANSSEN
PHARMACEUTICA, INC. n/k/a JANSSEN
PHARMACEUTICALS, INC.; ABBOTT
LABORATORIES; ABBOTT
LABORATORIES, INC.; ASSERTIO
THERAPEUTICS, INC.; ENDO HEALTH
SOLUTIONS, INC.; ENDO
PHARMACEUTICALS, INC.;
MALLINCKRODT, LLC;
MALLINCKRODT PLC; SPECGX, LLC;
ALLERGAN PLC; WATSON
LABORATORIES, INC.; ACTAVIS LLC;
ACTAVIS PHARMA, INC.; ANDA, INC.;
H. D. SMITH, LLC f/k/a H. D. SMITH
WHOLESALE DRUG CO.; HENRY
SCHEIN, INC.; AMERISOURCEBERGEN
DRUG CORPORATION; MIAMI-LUKEN,
INC.; CARDINAL HEALTH, INC.; RITE
RITE AID OF MARYLAND, INC.; THE
KROGER CO.; KROGER LIMITED
PARTNERSHIP II; CVS HEALTH
CORPORATION; CVS PHARMACY,
INC.; CVS INDIANA, L.L.C.; WAL-MART
INC.; WAL-MART STORES EAST, LP;
NORAMCO, INC.; and WALGREENS
BOOTS ALLIANCE, INC.,

Defendants.

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................ 2

     A.   The Opioid Crisis ................................................................................. 2

     B.   Impact of Opioids on Arizona Hospitals ............................................ 11

     C.   Financial Impact of Defendants' Activities on Plaintiffs .................... 15

     D.   The Roles of Defendants in Causing and Perpetuating the Opioid Crisis ............. 17

II.  JURISDICTION AND VENUE ......................................................................... 19

III. PARTIES ........................................................................................................... 20

     A.   Plaintiffs ............................................................................................. 20

          1.   Abrazo Community Health Network Acute-Care Hospitals ........................ 20

          2.   Arizona Spine & Joint Hospital .......................................................... 21

          3.   Arizona Orthopedic and Surgical Specialty Hospital ................................ 21

          4.   Holy Cross Hospital .......................................................................... 21

          5.   Kingman Regional Medical Center ...................................................... 21

          6.   Northwest Medical Center .................................................................. 21

          7.   Oro Valley Hospital .......................................................................... 22

          8.   OASIS Hospital ................................................................................ 22

          9.   St. Joseph's Hospital & Medical Center .............................................. 22

          10.  St. Mary's Hospital .......................................................................... 22

          11.  Western Arizona Regional Medical Center ............................................ 22

     B.   Defendants ......................................................................................... 23

          1.   Marketing Defendants ....................................................................... 23

               a.   Purdue ...................................................................................... 23

               b.   Teva and Associated Companies ............................................... 29

c.   Janssen and Associated Companies ................................... 32

d.   Endo and Associated Companies ..................................... 34

e.   Abbott Laboratories ......................................................... 35

f.   Amneal Pharmaceuticals, LLC ...................................... 36

g.   Assertio Therapeutics, Inc. ............................................. 36

h.   Mallinckrodt Entities ...................................................... 37

i.   Allergan and Associated Companies .............................. 39

2.   Distributor Defendants ............................................................ 39

a.   AmerisourceBergen Drug Corporation ........................... 40

b.   Anda, Inc. ........................................................................ 40

c.   Cardinal ........................................................................... 41

d.   H. D. Smith, LLC ............................................................ 41

e.   Henry Schein Entities ..................................................... 41

f.   Miami-Luken .................................................................... 42

3.   National Retail Pharmacies ..................................................... 42

a.   CVS .................................................................................. 42

b.   The Kroger Co. ................................................................. 43

c.   Rite-Aid of Maryland, Inc. .............................................. 43

d.   Walgreens Boots Alliance, Inc. ....................................... 43

e.   Wal-Mart .......................................................................... 43

4.   Defendants' Agents and Affiliated Persons ............................ 44

IV.   FACTUAL BACKGROUND ................................................................ 45

A.   The History of Opioids ....................................................................... 45

B.      The Opioid Epidemic ....................................................... 47

C.      Congressional Response to the Opioid Crisis ......................................... 50

D.      Opioids in Arizona ....................................................... 51

V.   THE MARKETING DEFENDANTS' FALSE, DECEPTIVE, AND UNFAIR
     MARKETING OF OPIOIDS ....................................................... 52

A.      The Marketing Defendants' False and Deceptive Statements About Opioids....... 55

        1.      Falsehood #1: The Risk of Addiction from Chronic Opioid Therapy is Low
                ....................................................... 56

                a.      Purdue and Abbott's Misrepresentations Regarding Addiction Risk
                        ....................................................... 57

                b.      Endo's Misrepresentations Regarding Addiction Risk .................. 64

                c.      Janssen's Misrepresentations Regarding Addiction Risk ............... 66

                d.      Cephalon's Misrepresentations Regarding Addiction Risk ............. 67

                e.      Mallinckrodt's Misrepresentations Regarding Addiction Risk ....... 68

        2.      Falsehood #2: To the Extent There is a Risk of Addiction, It Can Be Easily
                Identified and Managed .............................................. 70

        3.      Falsehood #3: Signs of Addictive Behavior are "Pseudoaddiction"
                Requiring More Opioids .............................................. 72

        4.      Falsehood #4: Blaming Addicted Patients as "Untrustworthy" "Abusers" 76

        5.      Falsehood #5: Opioid Withdrawal Can Be Avoided by Tapering ............. 77

        6.      Falsehood #6: Opioid Doses Can Be Increased Without Limit or Greater
                Risk .............................................. 78

        7.      Falsehood #7: Long-term Opioid Use Improves Functioning ................... 80

        8.      Falsehood #8: Alternative Forms of Pain Relief Pose Greater Risks Than
                Opioids .............................................. 85

        9.      Falsehood #9: OxyContin Provides Twelve Hours of Pain Relief ............. 88

10.   Falsehood #10: New Formulations of Certain Opioids Successfully Deter Abuse ................................................................................................. 92

    a.   Purdue's Deceptive Marketing of Reformulated OxyContin and Hysingla ER .................................................................................. 93

    b.   Endo's Deceptive Marketing of Reformulated Opana ER .............. 96

    c.   Other Marketing Defendants' Misrepresentations Regarding Abuse Deterrence ................................................................................ 100

B.   The Marketing Defendants Directly Targeted Hospitals ....................... 101

C.   The Marketing Defendants Disseminated Their Misleading Messages About Opioids Through Multiple Direct and Indirect Channels ..................... 103

  1.   The Marketing Defendants Used "Detailers" To Directly Disseminate Their Misrepresentations to Prescribers ............................................. 103

  2.   The Marketing Defendants Deceptively Directed Front Groups to Promote Opioid Use .............................................................................. 110

    a.   American Pain Foundation .................................................... 112

    b.   American Academy of Pain Medicine and the American Pain Society ................................................................................. 114

    c.   FSMB ................................................................................. 118

    d.   The Alliance for Patient Access ............................................ 120

    e.   The U.S. Pain Foundation ..................................................... 124

    f.   American Geriatrics Society .................................................. 125

    g.   American Chronic Pain Association ........................................ 127

  3.   The Marketing Defendants Deceptively Paid KOLs to Promote Opioid Use ............................................................................................ 127

    a.   Dr. Russell Portenoy .......................................................... 129

    b.   Dr. Lynn Webster ............................................................... 132

    c.   Dr. Perry Fine ................................................................... 133

d.    Dr. Scott Fishman.................................................................. 136

4.    The Marketing Defendants Also Spread Their Misleading Messages to Reputable Organizations ................................................................. 138

5.    The Marketing Defendants Disseminated Their Misrepresentations Through CME Programs ................................................................................ 140

6.    The Marketing Defendants Used "Branded" Advertising to Promote Their Products to Doctors and Consumers ........................................... 143

7.    The Marketing Defendants Used "Unbranded" Advertising to Promote Opioid Use for Chronic Pain Without FDA Review ................................. 144

8.    The Marketing Defendants Funded, Edited and Distributed Publications That Supported Their Misrepresentations ........................................... 144

9.    The Marketing Defendants Used Speakers' Bureaus and Programs to Spread Their Deceptive Messages. ................................................... 146

D.    The Marketing Defendants' Goal Was for More Patients to Take More Opioids at Higher Doses for Longer Periods of Time ........................................................ 147

    1.    Increasing the Patient Population ....................................................... 147

        a.    The Marketing Defendants Focused on Elderly Patients ............... 147

        b.    The Marketing Defendants Focused on Having Opioids Perceived as a "First Line" of Medication for "Opioid-Naïve" Patients, Rather Than as a Last Resort for Cancer Patients and the Terminally Ill . 148

    2.    Increasing Dosages and Increasing Them Quickly to Keep Patients on Longer ................................................................................................ 150

E.    The Marketing Defendants' Scheme Succeeded, Creating a Public Health Epidemic ........................................................................................................ 151

    1.    Dramatically Expanded Opioid Prescribing and Use ................................. 151

    2.    The Marketing Defendants' Deception in Expanding Their Market Created and Fueled the Opioid Epidemic. ......................................................... 153

F.    Each of the Marketing Defendants Made Materially Deceptive Statements and Concealed Material Facts ................................................................................ 154

1.    Purdue .................................................................................. 154

2.    Endo ..................................................................................... 160

3.    Janssen ................................................................................. 161

4.    Depomed .............................................................................. 163

5.    Cephalon .............................................................................. 164

6.    Actavis .................................................................................. 165

7.    Mallinckrodt ........................................................................ 166

VI.  DEFENDANTS THROUGHOUT THE SUPPLY CHAIN DELIBERATELY DISREGARDED THEIR DUTIES TO MAINTAIN EFFECTIVE CONTROLS AND TO IDENTIFY, REPORT, AND TAKE STEPS TO HALT SUSPICIOUS ORDERS ....... 166

    A.    All Defendants Have, and Breached, Duties to Guard Against, and Report, Unlawful Diversion and to Report and Prevent Suspicious Orders .................... 167

        1.    Defendants' Use of Trade and Other Organizations ................................ 172

            a.    Pain Care Forum .......................................................... 172

            b.    Healthcare Distribution Alliance (HDA) ........................................ 173

        2.    Defendants Were Aware of and Have Acknowledged Their Obligations to Prevent Diversion and to Report and Take Steps to Halt Suspicious Orders .................................................................................. 178

        3.    Defendants Kept Careful Track of Prescribing Data and Knew About Suspicious Orders and Prescribers ................................................. 178

        4.    Defendants Failed to Report Suspicious Orders or Otherwise Act to Prevent Diversion ................................................................................ 187

        5.    Defendants Delayed a Response to the Opioid Crisis by Pretending to Cooperate with Law Enforcement ............................................... 190

    B.    The Marketing Defendants' Unlawful Failure to Prevent Diversion and Monitor, Report, And Prevent Suspicious Orders ............................................. 193

    C.    The Distributor Defendants' Unlawful Distribution of Opioids .......................... 198

D.   The Distributor Defendants Breached Their Duties ............................... 199

    1.   Inadequate Compliance Staffing and Training ......................... 205

    2.   Inadequate Scrutiny of Customers ........................................... 205

    3.   Failure to Detect, Block and Report Suspicious Orders ........... 206

    4.   Distributor Defendants Failed to Suspend Suspicious Customers ........... 208

    5.   Distributor Defendants Failed to Adequately Maintain Accessible Data Concerning Customers and Prescribers ....................... 208

    6.   The Distributor Defendants Failed to Report Violations to Government Authorities ....................................................... 209

    7.   Each of the Distributor Defendants Engaged in Wrongful Conduct ........ 210

        a.   Cardinal ......................................................................... 210

        b.   AmerisourceBergen ....................................................... 217

    8.   The Distributor Defendants Have Sought to Avoid and Have Misrepresented Their Compliance with Their Legal Duties .................... 222

E.   The National Retail Pharmacies Were on Notice of and Contributed to Illegal Diversion of Prescription Opioids ...................... 228

    1.   The National Retail Pharmacies Have a Duty to Prevent Diversion ........ 229

    2.   Multiple Enforcement Actions Against the National Retail Pharmacies Confirms their Compliance Failures ....................... 232

        a.   CVS ................................................................................ 232

        b.   Walgreens ...................................................................... 235

        c.   Rite Aid .......................................................................... 238

VII.   DEFENDANTS' UNLAWFUL CONDUCT AND BREACHES OF LEGAL DUTIES CAUSED THE HARM AND SUBSTANTIAL DAMAGE ALLEGED HEREIN ....... 240

VIII.   CONSPIRACY ALLEGATIONS ................................................................ 244

A.   Conspiracy Among the Purdue Defendants ........................................... 244

B.      Conspiracy Among the Marketing Defendants ...................................................... 245

C.      Conspiracy Among the Marketing Defendants and the Supply Chain Defendants ............................................................................................................................ 248

XII.   ADDITIONAL FACTS PERTAINING TO PUNITIVE DAMAGES ........................... 250

A.      The Marketing Defendants Persisted in Their Fraudulent Scheme Despite Repeated Admonitions, Warnings, and Even Prosecutions .................................. 251

      1.     FDA Warnings to Janssen Failed to Deter Janssen's Misleading Promotion of Duragesic ...................................................................................... 251

      2.     Governmental Action, Including Large Monetary Fines, Failed to Stop Cephalon From Falsely Marketing Actiq For Off-label Uses.................. 252

      3.     FDA Warnings Did Not Prevent Cephalon from Continuing False and Off-Label Marketing of Fentora ...................................................................... 252

      4.     A Guilty Plea and a Large Fine did not Deter Purdue from Continuing its Fraudulent Marketing of OxyContin.......................................................... 253

      5.     Endo Continued to Aggressively Promote Opana After Becoming Aware of Its Widespread Abuse.................................................................................. 255

B.      Repeated Admonishments and Fines Did Not Stop the Distributor Defendants from Ignoring Their Obligations to Control the Supply Chain and Prevent Diversion ...................................................................................................... 255

XIII.  JOINT ENTERPRISE ALLEGATIONS ......................................................... 257

XIV.  FACTS PERTAINING TO CLAIMS UNDER RICO STATUTES............................. 258

A.      The False Narrative Enterprise.......................................................................... 258

      1.     The Common Purpose and Scheme of the False Narrative Enterprise ..... 258

      2.     The Conduct of the False Narrative Enterprise......................................... 258

            a.     Conduct in the Marketing of Opioids ............................................ 258

            b.     Conduct in the Distribution of Opioids.......................................... 267

      3.     Pattern of Unlawful Activity ................................................................... 273

B.   The Sackler Pharmaceutical Enterprise ..................................................... 276

    1.   The Common Purpose and Scheme of the Sackler Pharmaceutical Enterprise .......................................................................... 276

    2.   The Conduct of the Sackler Pharmaceutical Enterprise............................ 277

    3.   Pattern of Unlawful Activity .................................................................... 281

XV.   TOLLING AND FRAUDULENT CONCEALMENT ........................................ 284

IX.   WAIVER OF CERTAIN CLAIMS FOR RELIEF ........................................... 286

X.   CLAIMS FOR RELIEF ............................................................................. 287

A.   FIRST CLAIM FOR RELIEF ................................................................... 287

    1.   The False Narrative Enterprise ................................................................ 287

    2.   Consequences .......................................................................................... 292

B.   SECOND CLAIM FOR RELIEF ............................................................... 292

    1.   The Sackler Pharmaceutical Enterprise .................................................... 292

    2.   Consequences .......................................................................................... 297

C.   THIRD CLAIM FOR RELIEF .................................................................. 298

D.   FOURTH CLAIM FOR RELIEF ............................................................... 301

    1.   The Defendants Owed a Duty of Care ...................................................... 301

    2.   Defendants Breached Their Duty of Care .................................................. 302

        a.   Defendants' Conduct, in Violation of Applicable Statutes, Constitutes Negligence *Per Se* ......................................................... 302

    3.   Defendants Breached Their Duty Of Reasonable Care ............................. 304

        a.   Negligent Marketing ........................................................................ 304

        b.   Negligent Distribution...................................................................... 305

    4.   The Marketing and Supply Chain Defendants' Breaches of Care Were Intentional, Willful, Wanton and/or Reckless ........................................... 305

5.      Causation and Damages ............................................................. 306

E.      FIFTH CLAIM FOR RELIEF ........................................................... 307

F.      SIXTH CLAIM FOR RELIEF ........................................................... 310

G.      SEVENTH CLAIM FOR RELIEF ..................................................... 311

H.      EIGHTH CLAIM FOR RELIEF ........................................................ 318

I.      NINTH CLAIM FOR RELIEF ........................................................... 325

PRAYER FOR RELIEF ................................................................................... 326

JURY DEMAND ............................................................................................. 327

The decade of the 1990s was the era of the blockbuster drug, the billion-dollar pill, and a pharmaceutical sales force arms race was part of the excess of the time … A pharmaceutical Wild West emerged. Salespeople stampeded into offices. They made claims that helped sell the drugs to besieged doctors. Those claims also lead years later to blockbuster lawsuits and criminal cases against their companies.[1]

## **COMPLAINT**

Plaintiffs Kingman Hospital, Inc.; Arizona Spine and Joint Hospital LLC; Bullhead City Hospital Corporation; Carondelet St. Joseph's Hospital; Holy Cross Hospital, Inc.; Hospital Development of West Phoenix, Inc.; Northwest Hospital, LLC; OASIS Hospital; Oro Valley Hospital, LLC; Orthopedic and Surgical Specialty Company, LLC; St. Mary's Hospital of Tucson; VHS Acquisition Subsidiary Number 1, Inc.; and VHS of Arrowhead, Inc.; bring this Complaint against Defendants Purdue Pharma L.P.; Purdue Pharma, Inc.; The Purdue Frederick Company; Richard Sackler; Beverly Sackler; David Sackler; Ilene Sackler Lefcourt; Jonathan Sackler; Kathe Sackler; Mortimer D.A. Sackler; Theresa Sackler; John Stewart; Mark Timney; Craig Landau; Russell Gasdia; Mark Radcliffe; Mark Ross; Patty Carnes; Amneal Pharmaceuticals, LLC; Amneal Pharmaceuticals, Inc.; Teva Pharmaceutical Industries, Ltd.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-Mcneil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Abbott Laboratories; Abbott Laboratories, Inc.; Assertio Therapeutics, Inc.; Endo Health Solutions, Inc.; Endo Pharmaceuticals, Inc.; Mallinckrodt, LLC; Mallinckrodt Plc; SpecGx, LLC; Allergan Plc; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc.; Anda, Inc.; H.D. Smith, LLC f/k/a H.D. Smith Wholesale Drug Co.; Henry Schein, Inc.; AmerisourceBergen Drug Corporation; Miami-Luken, Inc.; Cardinal Health, Inc.; Rite Aid of Maryland, Inc.; The Kroger Co.; Kroger Limited Partnership II; CVS Health Corporation; CVS Pharmacy, Inc.; CVS Indiana, L.L.C.; Wal-Mart Inc.; Wal-Mart Stores East, LP; Noramco, Inc.; (collectively "Defendants") under the Arizona

---

[1] Sam Quinones, *Dreamland: The True Tale of America's Opiate Epidemic*, 133 (Bloomsbury Press 2015) (hereinafter referred to as "Dreamland").

RICO Act as codified in A.R.S. § 13-2314.04; Public Nuisance as codified in A.R.S. § 13-2917; Misbranding of Opioid Narcotics in accordance with A.R.S. § 32-1967; for violations of the Arizona Consumer Protection Act as set forth in A.R.S. § 44-1522(A); Civil Conspiracy; Negligence; Fraud and Deceit; and Unjust Enrichment seeking judgment against Defendants and in favor of Plaintiffs; compensatory damages; treble damages; punitive damages; pre-judgment and post-judgment interest; cost of suit; and equitable relief, including injunctive relief and alleges as follows:

## I. **INTRODUCTION**

1.      Opioid addiction is a battle between life and death. Arizona's hospitals, including Plaintiffs, are on the frontline, fighting daily to save the lives of patients and community members. With the demand for services ever-increasing, Plaintiffs' resources are being stretched beyond their limit. This case takes aim at the primary cause of the opioid crisis: A false narrative marketing scheme (hereinafter, "False Narrative") directly affecting hospitals like Plaintiffs who buy and administer opioids and provide medical care to increasing numbers of opioid affected patients, who usually cannot pay for their care. As described below, this False Narrative was created and implemented as a result of a conspiracy among and between the Marketing Defendants, the Distributor Defendants, the National Retail Pharmacies (all defined below) and others. At its core, this scheme involved the false and deceptive marketing or prescription opioids, with the goal of increasing demand for and increasing sales of opioids. Plaintiffs bring this action to recover damages suffered as a consequence of the Defendants' actions (or lack thereof) so that it may continue to provide and expand care to the families and individuals who are fighting for their lives against opioid addiction.

### A.      **The Opioid Crisis**

2.      The United States is in the midst of an opioid epidemic caused by Defendants' unlawful marketing, sale, and distribution of prescription opioids that has resulted in addiction,

criminal activity, serious health issues, and the loss of life.[2] According to the Centers for Disease Control and Prevention ("CDC"), from 1999 to 2014, the sales of prescription opioids in the U.S. nearly quadrupled, but there was no overall change in the amount of pain that Americans reported.[3]

3.     A particular tragedy of the opioid epidemic is that it has turned law-abiding citizens who experience routine injuries become dependent on opioids, in many cases, has resulted in the total derogation of their lives.

4.     According to the CDC, opioid overdoses killed more than 45,000 people over a 12-month timeframe that ended in September 2017. It is already the deadliest drug epidemic in American history.[4] If current trends continue, lost lives from opioid overdoses will soon represent the vast majority of all drug overdose deaths in the United States.

---

[2] As used herein, the term "opioid" refers to the entire family of opiate drugs including natural, synthetic, and semi-synthetic opiates.

[3] Centers for Disease Control and Prevention, *Prescribing Data, available at* https://www.cdc.gov/drugoverdose/data/prescribing.html, (last accessed August 1, 2018).

[4] The Editorial Board, *An Opioid Crisis Foretold*, THE NEW YORK TIMES, April 21, 2018, https://www.nytimes.com/2018/04/21/opinion/an-opioid-crisis-foretold.html.



**Lost Lives**
Deaths in the U.S. per 100,000 people

Note: Drug overdose data available since 1999. Source: Centers for Disease Control and Prevention | By THE NEW YORK TIMES.[5]

5.    Between the start of the century and the year 2014, opioid-related death rates have increased by 200%, with 14% of that increase occurring between 2013 and 2014.[6]

6.    The opioid epidemic is killing scores of individuals each and every day and as is having a similarly drastic impact on the total cost of medical care.

7.    The opioid epidemic is "directly related to the increasingly widespread misuse of powerful opioid pain medications."[7] In many cases, heroin abuse starts with prescription opioid addiction.

---

[5] *Id.*

[6] *Id.*

[7] *See* Robert M. Califf et al., *A Proactive Response to Prescription Opioid Abuse*, 374 N. End. J. Med. 1480 (Apr. 14, 2016), doi: 10.1056/NEJMsr1601307, https://www.nejm.org/doi/full/10.1056/NEJMsr1601307 (hereinafter "Califf et al.").

8.      According to the CDC, the United States is currently seeing the highest overdose death rated ever recorded.[8] As opioid-related deaths increase, the life expectancy in the United States decreases.[9]

9.      On June 5, 2017, Governor Douglas Ducey declared a State of Emergency for the State of Arizona, finding reasonable cause to believe that Arizona's opioid epidemic causes disease, illness and health conditions, including death.[10]

10.     On October 28, 2017, the President of the United States did the same and declared the opioid crisis a public health emergency.[11]

11.     This suit takes aim at the primary cause of the opioid crisis: A False Narrative marketing scheme, in which the distributors joined and conspired, involving the false and deceptive marketing of prescription opioids, which was designed to dramatically increase demand for and sale of opioids and opioid prescriptions.

12.     On the demand side, the Defendants who manufacture, sell and market prescription opioid pain killers (the "Marketing Defendants") precipitated the crisis. These opioids have various brand names and generic names, and include "OxyContin," fentanyl, hydrocodone, oxycodone, and others mentioned in this Complaint. Through a massive marketing campaign

---

[8] Jessica Glenza, *Opioid crisis: overdoses increased by a third across US in 14 months, says CDC*, THE GUARDIAN (March 6, 2018), https://www.theguardian.com/us-news/2018/mar/06/opioid-crisis-overdoses-increased-by-a-third-across-us-in-14-months-says-cdc.

[9] National Center for Health Statistics, Life Expectancy, *available at* https://www.cdc.gov/nchs/fastats/life-expectancy.htm, (last accessed August 1, 2018); Centers for Disease Control and Prevention, U.S. drug overdose deaths continue to rise; increase fueled by synthetic opioids, (March 18, 2018), https://www.cdc.gov/media/releases.2018/p0329-drug-overdose-deaths.html.

[10] Declaration of Emergency and Notification of Enhanced Surveillance Advisory, *available at* https://azgovernor.gov/sites/default/files/related-docs/opioid_declaration.pdf.

[11] Julie Hirschfeld Davis, *Trump Declares Opioid Crisis a 'Health Emergency' but Requests No Funds*, THE NEW YORK TIMES, Oct. 26, 2017, https://www.nytimes.com/2017/10/26/us/politics/trump-opioid-crisis.html.

premised on false and incomplete information, the Marketing Defendants engineered a dramatic shift in how and when opioids are prescribed by the medical community and used by patients. The Marketing Defendants relentlessly and methodically—but untruthfully—asserted that the risk of addiction was low when opioids were used to treat chronic pain and overstated the benefits and trivialized the risk of the long-term use of opioids.

13.    The Marketing Defendants' goal was simple: dramatically increase sales by convincing doctors to prescribe opioids not only for the kind of severe pain associated with cancer or short-term post-operative pain, but also for common chronic pain, such as back pain and arthritis. They did this even though they knew that opioids were addictive and subject to abuse, and that their claims regarding the risks, benefits, and superiority of opioids for long-term use were untrue and unfounded.

14.    The Supply Chain Defendants—Distributor Defendants and National Retail Pharmacies Defendants—saw the profit potential in opioid sales, participated in the conspiracy by ignoring their legal responsibilities under the Controlled Substance Act, and flooded affected areas with opioids while knowing they were contributing to, but profiting from, widespread addiction and human misery.

15.    Defendants succeeded. Opioid abuse has quickly become one of the nation's most pressing health management issues, not only because of its toll on patients, but increasingly because of the financial impact on hospitals and the rest of the healthcare system.[12]

16.    The Marketing Defendants and Supply Chain Defendants extract billions of dollars of revenue from the addicted American public while hospitals sustain tens of millions of dollars in losses caused as a result of the reasonably foreseeable consequences of the prescription opioid addiction epidemic. In fact, Defendants depend on hospitals to mitigate the health consequences of their illegal activities – at no cost to Defendants – thereby permitting Defendants to perpetuate

[12] Jennifer Bresnick, *Hospitals Face Higher Costs, More ED Visits from Opioid Abuse*, HealthIT Analytics (Dec. 21, 2016), https://healthitanalytics.com/news/hospitals-face-higher-costs-more-ed-visits-from-opioid-abuse (last accessed on Aug. 1, 2018).

6

their wrongful scheme. Defendants knew that but for the hospitals providing at least some aspect of a safety net, the number of overdose deaths and other related health consequences arising from opioid addictions would have been far greater than actually occurred, and the public outcry and political backlash threatening their profitmaking activities would have been swifter and far more certain.

17.     The Marketing Defendants and Supply Chain Defendants have continued their wrongful, intentional, and unlawful conduct, despite their knowledge that such conduct has caused and/or is continuing to cause a national, state, and local opioid epidemic.

18.     The misrepresentations of Marketing Defendants and Supply Chain Defendants and others prompted Arizona health care providers to prescribe, patients to take, and payors to cover opioids for the treatment of chronic pain. Through their marketing, the Marketing Defendants and Supply Chain Defendants overcame barriers to widespread prescribing of opioids for chronic pain with deceptive messages about the risks, benefits, and sustainability of long-term opioid use. These Defendants' harms were compounded by supplying opioids beyond what the market could bear, funneling so many opioids into Arizona communities that the product could only have been diverted and used illicitly. The massive quantities of opioids that flooded into Arizona as a result of Defendants' wrongful conduct —431 million doses in 2016, or enough for every Arizonan to have a two-and-a-half-week supply—has devastated communities across this State, especially the southern Arizona communities served by Plaintiffs.

19.     The deceptive marketing campaign of the Marketing Defendants substantially contributed to an explosion in the use of opioids across the country. Approximately 20% of the population between the ages of 30 and 44, and nearly 30% of the population over 45 have used opioids. Opioids are the most common treatment for chronic pain, and 20% of office visits now include a prescription of an opioid.

20.     The sharp increase in opioid use resulting from Defendants' conduct has led directly to a dramatic increase in opioid abuse, addiction, overdose, and death throughout the United States, including Arizona. Representing the NIH's National Institute of Drug Abuse in hearings

before the Senate Caucus on International Narcotics Control in May 2014, Dr. Nora Volkow explained that "aggressive marketing by pharmaceutical companies" is "likely to have contributed to the severity of the current prescription drug abuse problem."[13]

21.     In August 2016, then U.S. Surgeon General Vivek Murthy published an open letter to physicians nationwide, enlisting their help in combating this "urgent health crisis" and linking that crisis to deceptive marketing. He wrote that the push to aggressively treat pain, and the "devastating" results that followed, had "coincided with heavy marketing to doctors [m]any of [whom] were even taught—incorrectly—that opioids are not addictive when prescribed for legitimate pain."[14]

22.     In a 2016 report, the CDC explained that "[o]pioid prescribing has quadrupled since 1999 and has increased in parallel with [opioid] overdoses."[15] Patients receiving opioid prescriptions for chronic pain account for the majority of overdoses. For these reasons, the CDC concluded that efforts to rein in the prescribing of opioids for chronic pain are critical "to reverse the epidemic of opioid drug overdose deaths and prevent opioid-related morbidity."[16]

23.     Defendants' practice of continually filling opioid prescriptions, including from suspicious prescribers, and failing to report suspicious orders of opioids has enabled an oversupply

---

[13] *America's Addiction to Opioids: Heroin and Prescription Drug Abuse*, U.S. Senate, Caucus on International Narcotics Control, 113th Cong., at 3 (May 14, 2014) (statement); Testimony of Dr. Nora D. Volkow, Director, National Institute on Drug Abuse, *available at* https://www.drugabuse.gov/about-nida/legislative-activities/testimony-to-congress/2014/americas-addiction-to-opioids-heroin-prescription-drug-abuse.

[14] Letter from Vivek H. Murthy, M.D., U.S. Surgeon General, *available at* http://www.turntheriderx.org/ (last accessed July 23, 2018).

[15] Rose A. Rudd et al., Centers for Disease Control and Prevention, Increases in Drug and Opioid Overdose Deaths – United States, 2000-2014, 64(50); 1378-82, Morbidity and Mortality Weekly Report (Jan. 2016), *available at* https://www.cdc.gov/mmwr/preview/mmwrhtml/mm6450a3.htm (hereinafter "2000-2014 Increases in Drug and Opioid Overdose Deaths").

[16] *Id.*

of opioids to communities, including in the regions that Plaintiffs serve. The Supply Chain Defendants had financial incentives to distribute higher volumes of opioids and not report suspicious orders or guard against diversion. Wholesale drug distributors acquire pharmaceuticals, including opioids, from manufacturers at an established wholesale acquisition cost. Discounts and rebates from this cost may be offered by manufacturers based on market share and volume. As a result, higher volumes may decrease the cost per pill to distributors. Decreased cost per pill in turn, allows wholesale distributors to offer more competitive prices, or alternatively, pocket the difference as additional profit. Further, either explicitly or implicitly, all Defendants in this action worked together to stifle the reporting of suspicious orders.

24.     Arizona has seen a 74% increase in opioid overdoses between 2013 and 2017 and this disturbing trend shows no signs of slowing down.[17]  Between June 2017 and September 20, 2018, the State of Arizona experienced 2,258 deaths due to suspected opioid overdose, the highest number of deaths in more than a decade.[18]

25.     The 2016 Arizona Opioid Report found that 75% of heroin users started with opioid pain killers. In fact, people who become addicted to opioid painkillers are 40 times more likely to become addicted to heroin. And the CDC identified addiction to prescription pain medication as the strongest risk factor for heroin addiction.

26.     A recent, even more deadly problem stemming from the prescription opioid epidemic involves fentanyl, a powerful opioid approved for cancer pain, which has made its way into Arizona communities.

---

[17] *Arizona State Senate,* 53rd Leg., 1st Special Session, Fact Sheet for S.B. 1001/H.B. 2001, *available at* https://www.azleg.gov/legtext/53leg/1S/summary/S.100_ASENACTED.pdf.

[18] Arizona Department of Health Services, Real Time Opioid Data, https://www.azdhs.gov/prevention/womens-childrens-health/injury-prevention/opioid-prevention/index.php (last accessed October 9, 2018).

27.    Statistics tell a consistent and tragic story. Drug overdoses now take more lives than car crashes in Arizona. Between June 2017 and January 2018, 5,202 Arizonans suffered a suspected overdose from opioids and 455 Arizona babies were born addicted to opioids.

28.    The table below illustrates the number of verified opioid overdoses by specific drugs in Arizona from June 15, 2017 to December 31, 2017:[19]



29.    Across the state, Arizona families and communities face heartbreaking tragedies that cannot be adequately conveyed by statistics, and they have faced them all too often. Many grieving families have been financially tapped out by the costs of repeated cycles of addiction treatment programs; other have lost hope and given up. The increasing number of cases takes both a physical and mental toll on investigators, first-responders, and hospitals such as Plaintiffs.

[19] Arizona Department of Health Services, 2018 Update: Opioid Emergency Declaration & Action Plan Implementation, Appendix A – Highlighted Opioid Data, https://www.azdhs.gov/documents/prevention/womens-childrens-health/injury-prevention/opioid-prevention/action-plan/appendix-a-feedback.pdf (last accessed July 23, 2018).

30.     As communities work to restore their lives, the opioid epidemic continues to outpace their efforts. Opioid addiction is now the primary reason that Arizonans seek substance abuse treatment and collectively the State invests $265 million per annum in substance abuse treatment and prevention.

**B.     Impact of Opioids on Arizona Hospitals**

31.     Hospitals—legally and morally—are compelled to act and treat patients with opioid- related conditions[20] and, as a result, are directly and monetarily damaged by the opioid epidemic. In addition to the cost of the opioid drugs themselves, hospitals have incurred and continue to incur millions of dollars in damages for the costs of uncompensated care as a result of the unlawful marketing, distribution, and sale of opioids. Arguably, more than any other institution, hospitals directly and monetarily bear the brunt of the opioid crisis.

32.     Because of Defendants' conduct, the opioid epidemic is placing an increasing strain on the overburdened health care system in Arizona.

33.     Plaintiffs encounter patients with opioid addiction on a daily basis. Plaintiffs must deal with patients who have serious medical conditions that require extra care and expense because the patient is addicted to opioids. Consider a situation where two pregnant women present themselves to a hospital for treatment – a healthy expectant mother and a mother addicted to opioids. Regardless of whether either patient can pay, they both **must** be admitted under prevailing federal law, even though the hospital knows it may not be compensated in full, or perhaps at all, for its medical services. Both women give birth. If the mother with opioid addiction gives birth to a child with neonatal abstinence syndrome ("NAS"), that child enters this world kicking and

---

[20] "Opioid-related conditions" include but are not limited to opioid addiction and overdose; psychiatric and mental health treatment; Neonatal Abstinence Syndrome (NAS) or other opioid-related conditions of newborns; illnesses associated with opioid use, such as endocarditis, Hepatitis-C, and HIV; surgical procedures that are more complex and expensive due to opioid addiction; illnesses or conditions claimed by a person with opioid addiction in order to obtain an opioid prescription; and any other condition identified in Plaintiffs' records as related to opioid use and abuse.

screaming in pain as he or she immediately begins the addiction withdrawal process. At Plaintiffs' facilities, and other hospitals, sophisticated medical equipment, supplies, and staff specially trained to treat the needs of babies with NAS and other opioid-related conditions treat and care for these babies on an individualized basis. This mother and baby, due to the intensive care and specialization required to appropriately treat them, may require months in the hospital to stabilize their complex medical issues. In contrast, the healthy mother's and child's stay in the hospital is usually confined to one to three days with much less supervision and significantly less costs. Ultimately, hospitals have a duty to treat both mothers and their babies, yet the cost to the hospital is much greater for the mother and baby with opioid addiction and related conditions. This, in turn, results in higher uncompensated costs to the hospital due to the unsettling fact that the majority of mothers and babies with opioid addiction and related conditions are likely to be under or uninsured.

34.     These two very different encounters play out daily at hospitals throughout the State of Arizona. Between 2008 and 2014, the rate of NAS increased within Arizona by 245%.[21]

35.     Hospitals are struggling from the relentless and crushing financial burdens caused by the epidemic of opioid addiction. Every day across the United States, more than 115 Americans lose their lives after overdosing on opioids.[22] In Arizona, more than two Arizonans died each day during 2016 as a result of the opioid epidemic.[23] The effects of the opioid epidemic on hospitals may soon become even worse. The coverage rules under the Affordable Care Act ("ACA") are in

---

[21] Jennifer Dudek, MPH, *Neonatal Abstinence Syndrome and Newborn Drug Exposures Arizona Births, 2008-2014*, (July 2015), https://azdhs.gov/documents/prevention/womens-childrens-health/injury-prevention/substance-abuse/2014-nas-fact-sheet.pdf.

[22] Opioid Overdose Crisis, National Institute on Drug Abuse (revised March 2018), https://www.drugabuse.gov/drugs-abuse/opioids/opioid-overdose-crisis#one        (hereinafter "Opioid Crisis, NIH").

[23] Arizona State Senate, 53rd Leg., 1st Spec. Sess., Fact Sheet for S.B. 1001/H.B. 2001 (Jan. 26, 2018), *available at* https://www.azleg.gov/legtext/53leg/1S/summary/S.100_ASENACTED.pdf.

transition, thus creating the possibility of increased costs for hospitals for treatment of opioid-addicted patients admitted under the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.[24]

36.     The statistics are startling. Adult hospitalizations due to opioid addiction doubled from 2000 to 2012. From 2005 to 2014, emergency department visits exhibited a 99.4% cumulative increase.[25]

37.     Between 2005 and 2014, there was a dramatic increase nationally in hospitalizations involving opioids: the rate of opioid-related inpatient stays increased 64%, and the rate of opioid-related emergency department (ED) visits nearly doubled.[26]

38.     The average health care costs for those diagnosed with an opioid use disorder were 8 times higher than those without an opioid use disorder.[27]

39.     The cost to hospitalize those with opioid addiction has more than tripled in a decade, up to nearly $15 billion in 2012. Similarly, the number of patients hospitalized due to the effects of these drugs surged by more than 72% in 2012, although overall hospitalizations during that time stayed relatively flat.[28]

---

[24]   American   Hospital   Association,   *AHA   Priorities   to   Address   the   Opioid   Crisis*, https://www.aha.org/guidereports/2018-03-02-aha-priorities-address-opioid-crisis (last accessed August 1, 2018).

[25] Bresnick, *supra* note 12.

[26] Audrey J. Weiss et al, *Patient Characteristics of Opioid-Related Inpatient Stays and Emergency Department Visits Nationally and by State, 2014*, HCUP Statistical Brief #224 (June 2017), https://www.hcup-us.ahrq.gov/reports/statbriefs/sb224-Patient-Characteristics-Opioid-Hospital-Stays-ED-Visits-by-State.pdf.

[27] Alen G. White, PhD et al., *Direct Costs of Opioid Abuse in an Insured Population in the United States*, Journal of Managed Care Pharmacy, Vol. 11, No. 6, at 469 (July/August 2005), *available at* http://www.amcp.org/data/jmcp/3.pdf.

[28] Marty Stempniak, *Opioids Add to a Sharp Rise in Hospitalizations, Costs*, Hospitals & Health Networks (May 5, 2016) https://www.hhnmag.com/articles/7231-opioids-contribute-to-a-sharp-

40.    Private insurance covers only a portion of those costs. The burden is carried by hospitals, patients, and government programs.[29] In 2012, hospitals provided almost $15 billion for opioid-related inpatient care, more than double of what they billed in 2002.[30] A substantial portion of these costs were under-insured or unreimbursed.

41.    In 2012, an average hospital stay for a patient with an opioid-related condition cost about $28,000 and only about 20% of the hospital stays related to those incidents were covered by private insurance. The number increased to $107,000 if there was an associated infection, with merely 14% covered by insurance.[31]

42.    Patients with complex opioid addiction-related histories (medically and psychosocially) often cannot get treatment at skilled nursing facilities if they are discharged by hospitals. As a result, they wind up staying in hospitals longer, resulting in the cost of care going up.[32]

43.    The cost of treating opioid overdose victims in hospital intensive care units jumped 58% in a seven-year span. Between 2009 and 2015, the average cost of care per opioid overdose admission increased from $58,000 to $92,400. This was during a period where the overall medical cost escalation was about 19 percent. This cost increase also highlights a troubling trend: overdose patients are arriving in worse shape, requiring longer stays and a higher level of treatment.[33]

---

rise-in-hospitalizations-health-care-costs (last accessed on July 11, 2018).

[29] *Id.*

[30] Shefali Luthra, *Opioid Epidemic Fueling Hospitalizations, Hospital Costs*, KAISER HEALTH NEWS (May 2, 2016) https://khn.org/news/opioid-epidemic-fueling-hospitalizations-hospital-costs/.

[31] *Id.*

[32] *Id.*

[33] Casey Ross, *The Cost of Treating Opioid Overdose Victims is Skyrocketing*, STAT NEWS (Aug. 11, 2017) https://www.statnews.com/2017/08/11/opioid-overdose-costs/.

**C.    Financial Impact of Defendants' Activities on Plaintiffs**

44.    Plaintiffs have treated, and continue to treat, numerous patients for opioid-related conditions, including: (1) opioid overdose; (2) opioid addiction; (3) hepatitis C, HIV and other infections occurring as a result of I.V. drug use; (4) neonatal treatment in its NICU for babies born opioid-dependent, for which treatment is specialized, intensive, complex, lengthy, and expensive; and (5) psychiatric and related treatment for patients with opioid addiction who present in need of mental health treatment programs.

45.    Plaintiffs have incurred and continue to incur substantial unreimbursed costs for their treatment of patients with opioid-related conditions. These patients with opioid-related conditions seek treatment from Plaintiffs as a proximate result of the opioid epidemic created and engineered by Defendants. As a result, Plaintiffs' monetary losses with respect to treatment of these patients were and are foreseeable to Defendants and were and are the proximate result of Defendants' acts and omissions specified herein.

46.    Plaintiffs also have incurred and continue to incur operational costs in the form of surgical procedures and other care that have been and are more complex and expensive than would otherwise be the case if the patients were not opioid affected. Surgical procedures on opioid affected patients have been and are complicated and costly and require special protective measures and related prescription drugs.

47.    Additionally, individuals with opioid addiction have presented and continue to present themselves to Plaintiffs claiming to have illnesses and medical problems in an effort to obtain opioids. Plaintiffs have incurred and continue to incur operational costs related to the time and expenses in diagnosing, testing, and otherwise attempting to treat these individuals.

48.    The costs incurred by Plaintiffs are the direct and proximate result of the False Narrative campaign described below and the opioid epidemic created and engineered by Defendants.

49.     Because opioids are very dangerous and highly addictive drugs, it was foreseeable to Defendants that the increase in the use of opioids would result in a corresponding epidemic of patients with opioid-related conditions going to hospitals for treatment, including to Plaintiffs. It was foreseeable to Defendants that Plaintiffs would suffer substantial monetary losses because of the opioid epidemic, because hospitals are on the front line of treatment for these patients and must bear the additional costs of treatment.

50.     Plaintiffs have purchased and continue to purchase and administer opioids marketed and sold by Defendants. Defendants have marketed and continue to market their opioid products directly to Plaintiffs, their pharmacy representatives, and their doctors. Defendants directly marketed their opioid products through the False Narrative campaign. Plaintiffs are direct customers and victims of Defendants' false, deceptive, and unfair marketing of opioids described hereafter.

51.     Plaintiffs have purchased opioids from Defendants, have used them as falsely and deceptively marketed by Defendants, and have suffered damages as a direct and proximate result of Defendants' acts and omissions as described in this Complaint.

52.     Plaintiffs would not have purchased the quantity of opioids they had from Defendants had they known the truth about Defendants' false marketing scheme, i.e. that Defendants' claims regarding the risks, benefits, and superiority of opioids for long-term use were untrue and unfounded, as described herein.

53.     Plaintiffs bring this civil action to recover monetary losses that they have incurred as a direct and proximate result of Defendants' false, deceptive, and unfair marketing of prescription opioids. Such economic damages were foreseeable to Defendants and were sustained because of Defendants' unlawful actions and omissions.

54.     Plaintiffs bring this suit against the manufacturers of prescription opioids. The manufacturers aggressively pushed highly addictive, dangerous opioids, falsely representing to doctors that patients would only rarely succumb to drug addiction. These pharmaceutical companies aggressively advertised to and persuaded hospitals and their doctors to purchase and

prescribe highly addictive, dangerous opioids, and turned patients into drug addicts for their own corporate profit. Such actions were unlawful.

55.     Plaintiffs also brings this suit against the distributors of these highly addictive drugs. In addition to participating in the False Narrative, the Supply Chain Defendants (along with the Manufacturers) unlawfully breached their legal duties under Arizona law to monitor, detect, investigate, report, and refuse to fill suspicious orders of prescription opiates, which enabled the manufacturers' deceptive advertising to increase sales, profits and distribution of their products to hospitals, including Plaintiffs.

### D.     The Roles of Defendants in Causing and Perpetuating the Opioid Crisis

56.     The Marketing Defendants' push to increase opioid sales worked. Through publications and websites, endless streams of sales representatives, "education" programs, and other means, the Marketing Defendants dramatically increased their sales of prescription opioids and reaped billions of dollars of profit as a result. Since 1999, the amount of prescription opioids sold in the U.S. has nearly quadrupled. In 2016, 289 million prescriptions for opioids were filled in the U.S.—enough to medicate every adult in America around the clock for a month.

57.     On the supply side, the crisis was fueled and sustained by those involved in the supply chain of opioids, including manufacturers and distributors, who failed to maintain effective controls over the distribution of prescription opioids, and who instead have actively sought to evade such controls. Defendants have contributed substantially to the opioid crisis by selling and distributing far greater quantities of prescription opioids than they know should be necessary for legitimate medical uses, while failing to report, and take steps to halt, suspicious orders when they were identified, thereby exacerbating the oversupply of such drugs and fueling an illegal secondary market.

58.     From the day they made the pills to the day those pills were consumed in each community, the Marketing Defendants had control over the information regarding addiction they chose to spread and emphasize as part of their massive marketing campaign. By providing

misleading information to doctors about addiction being rare and opioids being safe even in high doses, then pressuring those doctors into prescribing their products by arguing, among other things, that no one should be in pain, especially chronic pain, the Marketing Defendants created a population of addicted patients who sought opioids at never-before-seen rates. The scheme worked, although perversely, and through it the Marketing Defendants caused their profits to soar as more and more people became dependent on opioids.

59.     Defendants systematically and repeatedly disregarded the health and safety of the public. Charged by law to monitor and report dangerous behavior, they failed to do so in favor of maximizing corporate profits and increasing their market share.

60.     Corporate greed and callous indifference to the known, serious potential for human suffering and death have caused this public health crisis. Defendants unleashed a healthcare crisis that has had far-reaching financial and social consequences in this country, including opioid addiction and death.

61.     The Marketing Defendants falsely and misleadingly, and contrary to the language of their drugs' labels: (1) downplayed the serious risk of addiction; (2) promoted the concept of "pseudo addiction" and thus advocated that the signs of addiction should be treated with more opioids; (3) exaggerated the effectiveness of screening tools in preventing addiction; (4) claimed that opioid dependence and withdrawal are easily managed; (5) denied the risks of higher opioid dosages; (6) promoted the falsehood that long-term opioid use improves functioning; (7) misrepresented the effectiveness of time-released dosing, and, in particular, the effectiveness of a version of OxyContin that purportedly provided twelve hours of pain relief; and (8) exaggerated the effectiveness of "abuse-deterrent" opioid formulations to prevent abuse and, addiction and death.

62.     The Marketing Defendants disseminated these common messages to reverse the popular and medical understanding of opioids. They disseminated these messages directly, through their sales representatives, and in speaker groups led by physicians who were recruited

18

by and paid by the Marketing Defendants for their support of the Marketing Defendants' marketing messages.

63.     The Marketing Defendants also worked through third parties they controlled by: (a) funding, assisting, encouraging, and directing doctors, known as "key opinion leaders" ("KOLs") and (b) creating, funding, assisting, directing, and/or encouraging seemingly neutral and credible professional societies and patient advocacy groups (referred to hereinafter as "Front Groups"). The Marketing Defendants then worked together with those KOLs and Front Groups to profoundly influence, and at times control, the sources that doctors, and patients relied on for ostensibly "neutral" guidance, such as treatment guidelines, continuing medical education ("CME") programs, medical conferences and seminars, and scientific articles. Thus, working individually and collectively, and through these Front Groups and KOLs, the Marketing Defendants persuaded doctors and patients that what they had long known – that opioids are addictive drugs, unsafe in most circumstances for long-term use – was untrue, and quite the opposite, that the compassionate treatment of pain *required* opioids.

64.     Each Marketing Defendant knew that its misrepresentations of the risks and benefits of opioids were not supported by or were directly contrary to the scientific evidence. Indeed, the falsity of each Defendant's misrepresentations has been confirmed by the U.S. Food and Drug Administration ("FDA") and the CDC, including by CDC's *Guideline for Prescribing Opioids for Chronic Pain*, issued in 2016 and approved by the FDA.[34]

## II.     JURISDICTION AND VENUE

65.     This Court has subject matter jurisdiction pursuant to A.R.S. Const. Art. 6 § 14.

66.     The Court has personal jurisdiction over Defendants because at all relevant times Defendants engaged in substantial business activities in Arizona and purposefully directed their

---

[34] *See* Centers for Disease Control and Prevention, *Guideline for Prescribing Opioids For Chronic Pain*, https://www.cdc.gov/drugoverdose/pdf/guidelines_factsheet-a.pdf (last accessed August 1, 2018); Pat Anson, *FDA Endorses CDC Opioid Guidelines*, PAIN NEWS NETWORK (Feb. 4, 2016), https://www.painnewsnetwork.org/stories/2016/2/4/fda-endorses-cdc-opioid-guidelines.

actions towards Arizona, voluntarily submitted to the jurisdiction of Arizona when obtaining a manufacturer, pharmacy and/or distributor license and have the requisite minimum contacts with Arizona necessary to constitutionally permit this Court to exercise jurisdiction.

67.     Venue is proper in this Court pursuant to A.R.S. § 12-401(10) because the foundation of the trespass for which this action in damages lies, may be brought in the county in which the trespass was committed. Trespass has been long construed to mean "tort." *Zuckernick v. Roylston*, 140 Ariz. 605, 606, 684 P.2d 177, 178 (Ct. App. 1984). The trespass was committed, in substantial part, in Mohave County.

## III.     PARTIES

### A.     Plaintiffs

#### 1.     Abrazo Community Health Network Acute-Care Hospitals

68.     Abrazo Community Health Network is a trade name of a network of healthcare facilities in the Phoenix, Arizona metropolitan area. It includes five acute-care hospitals: Abrazo Arizona Heart Hospital, Abrazo Arrowhead Campus, Abrazo Central Campus, Abrazo Scottsdale Campus and Abrazo West Campus.

69.     Plaintiff VHS of Arrowhead, Inc. ("VHS") is a Delaware corporation with its principal place of business in Dallas, Texas.  VHS (1) operates a hospital under the trade name of Abrazo Arizona Heart Hospital at 1930 East Thomas Rd., Phoenix, AZ 85016; (2) operates a hospital under the trade name of Abrazo Central Campus at 2000 West Bethany Home Rd., Phoenix, AZ 85015; and (3) operates a hospital by the trade name of Abrazo Arrowhead Campus at 18701 North 67th Ave., Glendale, AZ 85308.

70.     Plaintiff Hospital Development of West Phoenix, Inc. is a Delaware Corporation with its principal place of business at 13677 West McDowell Rd., Goodyear, AZ 85395, where it operates a hospital by the trade name Abrazo West Campus.

71.     Plaintiff VHS Acquisition Subsidiary Number 1, Inc. is a Delaware Corporation with its principal place of business at 3929 E. Bell Rd., Phoenix, AZ 85032, where it operates a hospital by the trade name Abrazo Scottsdale Campus.

### 2.     Arizona Spine & Joint Hospital

72.     Arizona Spine and Joint Hospital LLC is a limited liability company organized under the laws of the State of Arizona with its principal place of business in Mesa, Arizona. Arizona Spine and Joint Hospital LLC operates Arizona Spine & Joint Hospital in Mesa, Arizona.

### 3.     Arizona Orthopedic and Surgical Specialty Hospital

73.     Orthopedic and Surgical Specialty Company, LLC is a limited liability company organized under the laws of the State of Arizona with its principal place of business in Chandler, Arizona. Orthopedic and Surgical Specialty Company, LLC operates a hospital under the trade name Arizona Specialty Hospital in Chandler, Arizona.

### 4.     Holy Cross Hospital

74.     Holy Cross Hospital, Inc. is a non-profit corporation organized under the laws of the State of Arizona, with its principal place of business in Nogales, Arizona. It has been a part of the Carondelet Health Network since the Sisters of St. Joseph of Carondelet began managing the hospital in the early 1980s.

### 5.     Kingman Regional Medical Center

75.     Plaintiff Kingman Hospital, Inc. is an Arizona nonprofit corporation located at 3269 Stockton Hill Road, Kingman, AZ 86409. Kingman Hospital operates a hospital doing business as Kingman Regional Medical Center in Kingman, Arizona.

### 6.     Northwest Medical Center

76.     Northwest Hospital, LLC is a limited liability company organized under the laws of the State of Delaware. It owns and operates a hospital under the trade name Northwest Medical Center located at 6080 N. LaCholla Blvd. Tucson, AZ 85741.

### 7.   Oro Valley Hospital

77.    Oro Valley Hospital, LLC is a limited liability company organized under the laws of the State of Delaware. It owns and operates a hospital located at 1551 E. Tangerine Road, Tucson, AZ 85755.

### 8.   OASIS Hospital

78.    *The Orthopedic and Spine Inpatient Surgical* (O.A.S.I.S) Hospital is a specialty orthopedic facility in Phoenix, Arizona providing orthopedic surgery and diagnostic services.  It is a joint venture of United Surgical Partners International, Inc. (a Delaware corporation with its principal place of business in Addison, Texas), and Dignity Health (a California nonprofit corporation with its principal place of business in Rancho Cordova, California).

### 9.   St. Joseph's Hospital & Medical Center

79.    Carondelet St. Joseph's Hospital is a corporation organized under the laws of the State of Arizona, with its principal place of business in Tucson, Arizona. It operates under the trade name St. Joseph's Hospital & Medical Center.

### 10.   St. Mary's Hospital

80.    St. Mary's Hospital of Tucson is a non-profit corporation organized under the laws of the State of Arizona with its principal place of business in Tucson, Arizona. St. Mary's Hospital is Southern Arizona's longest continuously operating hospital (founded in 1880 by the Sisters of St. Joseph of Carondelet).

### 11.   Western Arizona Regional Medical Center

81.    Bullhead City Hospital Corporation is a corporation organized under the laws of the State of Arizona, with its principal place of business in Bullhead City, Arizona. It operates a hospital under the name Western Arizona Regional Medical Center in Bullhead City, Arizona.

**B.**   **Defendants**

    **1.**   **Marketing Defendants**

        **a.**   **Purdue**

82.   Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware with its principal place of business in Stamford, Connecticut.

83.   Defendant Purdue Pharma Inc. is a New York corporation with its principal place of business in Stamford, Connecticut, and is the general partner of Purdue Pharma, L.P.

84.   Defendant The Purdue Frederick Company is a New York corporation with its principal place of business in Stamford, Connecticut. Defendants Purdue Pharma, L.P., Purdue Pharma, Inc., and The Purdue Frederick Company are collectively referred to as "Purdue."

85.   The following Defendants, all members of the Sackler family that beneficially owns Purdue, have served on the Board of Purdue during the relevant times indicated in parenthesis:

    a.   Richard Sackler (at all pertinent times until 2018[35]), a resident of Florida;

    b.   Beverly Sackler (all pertinent times until 2017), a resident of Connecticut;

    c.   David Sackler (2012-18), a resident of New York;

    d.   Ilene Sackler Lefcourt (all pertinent times), a resident of New York;

    e.   Jonathan Sackler (all pertinent times), a resident of Connecticut;

    f.   Kathe Sackler (all pertinent times), a resident of Connecticut;

    g.   Mortimer D.A. Sackler (all pertinent times), a resident of New York[36]; and

    h.   Theresa Sackler (all pertinent times until 2018), a resident of the United Kingdom.

---

[35] Defendant Beverly Sackler left the Board in 2017. Defendants Richard, David and Theresa Sackler left the Board in 2018. Defendants Jonathan Sackler, Ilene Sackler Lefcourt, Kathe Sackler, and Mortimer D.A. Sackler remain on the Board.

[36] References to "Mortimer D.A. Sackler" in this Complaint are to Mortimer David Alfons Sackler.  Mortimer Sackler's father, the late Mortimer D. Sackler, was also involved in Purdue Pharma during his lifetime

The foregoing Defendants (collectively, the "Sackler Defendants") controlled Purdue's misconduct. Each of them took a seat on the Board of Directors of Purdue Pharma Inc. Together, the Sackler Defendants, at all pertinent times, constituted a majority of Board, which gave them full power over Purdue. They directed and otherwise participated in Purdue's deceptive sales and marketing practices, sending hundreds of orders to executives and other employees.

86.     While the Sackler Defendants relinquished their officer titles in or around 2003 to try to shield themselves from future criminal and civil liability, they remained Purdue's owners, in control of its Board of Directors, and thus in firm control.

87.     At all pertinent times, at least through the end of 2018, the Sackler Defendants controlled Purdue's deceptive sales  campaign. They directed the company to hire hundreds more sales representatives to visit doctors  thousands more times. They insisted that sales representatives repeatedly visit the most prolific prescribers.   They directed representatives to encourage doctors to prescribe more of the highest doses of opioids.  They studied unlawful tactics to keep patients on opioids longer and then ordered staff to use them.  They asked for detailed reports about doctors suspected of misconduct, how much money Purdue  made from them, and how few of them Purdue had reported to the authorities.  They sometimes  demanded more detail than anyone else in the entire company, so staff had to create special  reports just for them. Richard Sackler even went into the field to promote opioids to doctors and  supervise representatives face to face. In connection with a single meeting in 2011, for example,  sales and marketing staff scrambled to prepare responses to questions from the Sackler Defendants, Defendant Mortimer D.A. Sackler asked about launching a generic version of OxyContin to "capture more cost sensitive patients," Defendant Kathe Sackler recommended looking at the characteristics of patients who had switched to OxyContin to see if Purdue could identify more patients to convert, and Defendant Jonathan Sackler wanted to study changes in market share for opioids, focusing on dose strength.

88.     The Sackler Defendants' micromanagement was so intrusive that staff begged for relief. Defendant Gasdia wrote to the CEO: "Anything you can do to reduce the direct contact of

24

Richard into the organization is appreciated." To convince the Sackler Defendants to make him CEO, Defendant Landau wrote a plan that he titled: "SACKLER PHARMA ENTERPRISE." He started by admitting that the Sackler Defendants in fact controlled the company like chief executive officers. The family ran "the global Sackler pharmaceutical enterprise ... with the Board of Directors serving as the 'de-facto' CEO."

89.     The Sackler Defendants concealed their extensive involvement at all costs. In 2000, the Sackler Defendants were warned that a reporter was "sniffing about the OxyContin abuse story." The Sackler Defendants put the threat on the agenda for the next Board meeting and began covering their tracks. They planned a response that "deflects attention away from the company owners." More recently, in November 2016, staff prepared statements to the press denying the Sackler Defendants' involvement in Purdue. Their draft claimed: "Sackler family members hold no leadership roles in the companies owned by the family trust." A staff member reviewing the draft knew what was up and commented with apparent sarcasm: "Love the ... statement." Staff eventually told the press: "Sackler family members hold no management positions." Some employees worried about the deception. When journalists asked follow-up questions about the Sackler Defendants, communications staff deliberated about whether to repeat the "no management positions" claim. They double-checked that Purdue's top lawyers had ordered the statement. Then they arranged for one of the Sackler Defendants' foreign companies to issue it, so U.S. employees would not be blamed: "The statement will come out of Singapore."

90.     Most of all, the Sackler Defendants cared about money. Millions of dollars were not enough. They wanted billions. They cared more about money than about patients, or their employees, or the truth. In 1999, when employee Michael Friedman reported to Defendant Richard Sackler that Purdue was making more than $20,000,000 per week, Richard replied immediately, at midnight, that the sales were "not so great." "After all, if we are to do 900M this year, we should be running at 75M/month. So it looks like this month could be 80 or 90M. Blah, humbug. Yawn. Where was I?" Missives of this nature from Richard to Purdue's ostensible management were a routine, if not daily, occurrence. There was no such thing as enough.

91.     From the money that Purdue collected as a result of its wrongful conduct, they paid themselves and their family billions of dollars. From the 2007 convictions (of certain Purdue officers) until 2018, the Sackler Defendants voted dozens of times to pay out Purdue's opioid profits to their family - in total ***more than four billion dollars.***



92.     When the Sackler Defendants directed Purdue to pay their family, they knew and intended that they were paying themselves from opioid sales in Arizona. Purdue and the Sackler Defendants tracked revenue from Arizona.

93.     In order to enhance their own and Purdue's social standing and prestige, the Sackler Defendants endowed many cultural, educational and scientific institutions, many of which bear their family name, including many academic programs at Harvard University and Tufts University in Massachusetts, the New York Academy of Sciences, Columbia University, Dia Art Foundation, the Metropolitan Museum of Art and the Guggenheim art

museum, all in New York, London's Victoria and Albert Museum, and the Louvre in Paris. There is a Sackler gallery at the Princeton University Art Museum and Sackler museums at Harvard University and Peking University in Beijing. The Sackler Defendants and their relatives include many prominent New York and international socialites.

94.     Defendants John Stewart (CEO from 2007 to 2013), Mark Timney (2014 to 2017), a resident of Connecticut, and Craig Landau (2017 to the present), a resident of Connecticut, each directed Purdue's deception as CEO of Purdue Pharma Inc. and Purdue Pharma L.P. Defendant Russell Gasdia, a resident of Massachusetts, carried out the misconduct as Vice President of Sales and Marketing at all pertinent times until June 2014. The Defendants named in this paragraph are collectively referred to as the "Purdue Officer Defendants."

95.     The Sackler Defendants and the Purdue Officer Defendants are collectively referred to as the "Purdue Individual Defendants." Purdue and the Purdue Individual Defendants are collectively referred to as the "Purdue Defendants."

96.     The Purdue Individual Defendants all actively participated in the common law torts and statutory violations of Purdue and benefited therefrom. The tortious conduct of the Purdue Individual Defendants was not, and could not have been through the exercise of due diligence, known to the public until their conduct was detailed in recent court filings by the Attorney General of Massachusetts.

97.     Purdue manufactures, promotes, sells, and distributes opioids such as OxyContin, MS Contin, Dilaudid/Dilaudid HP, Butrans, Hysingla ER, and Targiniq ER in the United States, including to Plaintiffs. OxyContin is Purdue's best-selling opioid. Since 2009, Purdue's annual nationwide sales of OxyContin have fluctuated between $2.47 billion and $2.99 billion, up four-fold from its 2006 sales of $800 million. OxyContin constitutes roughly 30% of the entire market for analgesic drugs (painkillers).

98.     In 2007, Purdue settled criminal and civil charges against it for misbranding OxyContin and agreed to pay the United States $635 million – one of the largest settlements with a drug company for marketing misconduct. In the same year, Purdue settled with 27 states for its

Consumer Protection Act violations regarding the Purdue's extensive off-label marketing of OxyContin and Purdue's failure to adequately disclose abuse and diversion risks associated with the drug. None of this stopped Purdue. In fact, Purdue continued to create the false perception that opioids were safe and effective for long-term use, even after being caught using unbranded marketing methods to circumvent the system. In short, Purdue paid the fine when caught and then continued business as usual, deceptively marketing and selling billions of dollars of opioids each year. Substantially all of the Sackler Defendants (all of those except David Sackler) were heavily involved in the conduct that led to the fines and criminal convictions in 2007. The misconduct of Richard, Beverly, Ilene, Jonathan, Kathe, Mortimer, and Theresa Sackler was particularly unfair, deceptive, unreasonable, and unlawful because they already had been given a second chance. From the 1990s until 2007, they directed a decade of misconduct, which led to criminal convictions, and commitments that Purdue would not deceive doctors and patients again. That background confirms that their misconduct since 2007 was knowing, purposeful, reckless, and intentional.

99.     Each of the Purdue Individual Defendants acted directly and through agents to transact business and cause injury in Arizona.

100.     Purdue employed scores of sales representatives in Arizona, including but not limited to the Purdue Sales Representative Defendants, to promote Purdue's opioids in Arizona and sold hundreds of millions of dollars of opioids in Arizona.

101.     The Sackler Defendants and Purdue Officer Defendants voted for and/or directed sales representatives (including but not limited to the Purdue Sales Representative Defendants) to go door-to-door, making thousands of visits to doctors in Arizona. Although they did not knock on the doors to clinics and family practices themselves, these individuals voted for and/or ordered sales representatives to deceptively promote Purdue's dangerous drugs in person, as a central facet of their deceptive marketing scheme that killed hundreds of people in Arizona.

102.     The Sackler Defendants and Purdue Officer Defendants voted for and/or directed payments to Arizona doctors to promote Purdue's drugs.

103.   The Sackler Defendants and Purdue Officer Defendants all directed the dissemination of tens of thousands of copies of unfair or deceptive marketing materials to doctors and other health care providers throughout Arizona for  the purpose of getting more and more prescribers to put their patients on Purdue's drugs for  longer and longer periods of time at higher and higher doses.  These individuals voted for and/or  managed a chain-of-command causing these mailings in Arizona because they meant   increased sales and profits for the Sackler Defendants and their executives.

104.   This misconduct caused tortious injury in Arizona by killing hundreds of people and injuring many more.

### b.   Teva and Associated Companies

105.   Defendant Teva Pharmaceutical Industries, Ltd. ("Teva Ltd.") is an Israeli corporation with its principal place of business in Petah Tikva, Israel. Teva Ltd. Is traded on the New York Stock Exchange (NYSE: TEVA).  In its most recent Form 10-K filed with the Securities and Exchange Commission, Teva Ltd. stated that it is the leading generic drug company in the United States.  Teva Ltd. operates globally, with significant business transactions in the United States.  In 2018, its gross profit from North American operations was $4.979 million.

106.   Defendant Cephalon, Inc. is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. Teva Ltd. acquired Cephalon in October 2011, and Cephalon Inc. became a wholly owned subsidiary of Defendant Teva Ltd.

107.   Teva Pharmaceuticals USA, Inc. ("Teva USA") is a Delaware corporation with its principal place of business in North Wales, Pennsylvania, and is a wholly owned subsidiary of Teva Ltd.

108.   Teva USA and Cephalon work together closely to market and sell Cephalon products in the United States. Since its acquisition of Cephalon in October 2011, Teva USA has conducted all sales and marketing activities for Cephalon in the United States, through its "specialty medicines" division. Teva USA and Cephalon, Inc. worked together to manufacture,

promote, sell, and distribute opioids such as Actiq and Fentora in the United States. Teva USA holds out Actiq and Fentora as Teva products to the public. The FDA-approved prescribing information and medication guide, which is distributed with Cephalon opioids, discloses that the guide was submitted by Teva USA, and directs physicians to contact Teva USA to report adverse events.  All of Cephalon's promotional websites, including those for Actiq and Fentora, display Teva Ltd.'s logo.[37] Teva USA's parent company, Teva Pharmaceuticals Industries, Ltd. lists Cephalon and Teva USA's sales as its own on its financial reports, and its year-end report for 2012 – the year immediately following the Cephalon acquisition – attributed a 22% increase in its specialty medicine sales to "the inclusion of a full year of Cephalon's specialty sales," including *inter alia* sales of Fentora.[38] Actiq has been approved by the FDA only for the "management of breakthrough cancer pain in patients 16 years and older with malignancies who are already receiving and who are tolerant to around-the-clock opioid therapy for the underlying persistent cancer pain."[39] Fentora has been approved by the FDA only for the "management of breakthrough pain in cancer patients 18 years of age and older who are already receiving and who are tolerant to around-the-clock opioid therapy for their underlying persistent cancer pain."[40] In 2008, Cephalon pled guilty to a criminal violation of the Federal Food, Drug and Cosmetic Act for its

---

[37] *E.g.*, ACTIQ, http://www.actiq.com/ (displaying logo at bottom-left) (last accessed August 1, 2018).

[38] Teva Ltd., Annual Report (Form 20-F), at 62 (Feb. 12, 2013), http://annualreports.com/HostedData/AnnualReportArchive/t/NASDAQ_TEVA_2012.pdf.

[39] *Highlights of Prescribing information, ACTIQ® (fentanyl citrate) oral transmucosal lozenge, CII (2009)*, ACTIQ PI/Med Guide, https://www.accessdata.fda.gov/drugsatfda_docs/label/2009/020747s030lbl.pdf (last accessed August 1, 2018).

[40] *Highlights of Prescribing Information, FENTORA® (fentanyl citrate) buccal tablet, CII (2011)*, https://www.accessdata.fda.gov/drugsatfda_docs/label/2012/021947s015lbl.pdf (last accessed August 1, 2018).

misleading promotion of Actiq and two other drugs, and agreed to pay a $425 million fine.[41]

109.    Teva USA also sells generic opioids in the United States, including generic opioids previously sold by Allergan plc, whose generics business Teva Ltd., Teva USA's parent company based in Israel, acquired in August 2016.

110.    Teva Ltd., Teva USA, and Cephalon are referred to herein as "Teva."

111.    From 2000 forward, Cephalon has made thousands of payments to physicians nationwide, including in Arizona, ostensibly for activities including participating on speakers' bureaus, providing consulting services, assisting in post-marketing safety surveillance and other services, many of whom were not oncologists and did not treat cancer pain, but in fact to deceptively promote and maximize the use of opioids.

112.    Defendant Watson Laboratories, Inc. ("Watson") is a Nevada corporation with its principal place of business in Corona, California.

113.    Defendant Actavis Pharma, Inc. (f/k/a Watson Pharma Inc.) ("Actavis Pharma") is a Delaware corporation with its principal place of business in New Jersey.

114.    Defendant Actavis LLC (f/k/a Actavis Inc.) ("Actavis LLC") is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey.  Watson, Actavis Pharma and Actavis LLC are collectively referred to as "Actavis."

115.    Defendant Teva Ltd. acquired ownership of Actavis in 2016.    Prior to that transaction, Actavis was owned by Defendant Allergan plc.

116.    Actavis manufactures, promotes, sells, and distributes opioids, including the branded drugs Kadian and Norco, a generic version of Kadian, and generic versions of Duragesic and Opana in the United States. Actavis acquired the rights to Kadian from King Pharmaceuticals, Inc. on December 30, 2008, and began marketing Kadian in 2009.

117.    Actavis made thousands of payments to physicians nationwide including in Arizona,

[41] Press Release, U.S. Dep't of Justice, Biopharmaceutical Company, Cephalon, to Pay $425 Million & Enter Plea to Resolve Allegations of Off-Label Marketing (Sept. 29, 2008), https://www.justice.gov/archive/opa/pr/2008/September/08-civ-860.html.

ostensibly for activities including participating on speakers' bureaus, providing consulting services, assisting in post-marketing safety surveillance and other services, but in fact to deceptively promote and maximize the use of opioids.

### c. Janssen and Associated Companies

118. Defendant Johnson & Johnson ("J&J") is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey.

119. Defendant Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey, and is a wholly owned subsidiary of J&J.

120. Janssen Pharmaceuticals, Inc. was formerly known as Ortho-McNeil-Janssen Pharmaceuticals, Inc., which was formerly known as Janssen Pharmaceutica, Inc.

121. Defendant Noramco, Inc. is a Delaware company headquartered in Wilmington, Delaware and was a wholly owned subsidiary of J&J until July 2016. Noramco, Inc. is or had been part of J&J's opium processing. It makes active pharmaceutical ingredients ("APIs") for opioid painkillers.

122. Johnson & Johnson is the only company that owns over 10% of Janssen Pharmaceuticals stock. J&J controls the sale and development of Janssen Pharmaceuticals drugs and Janssen Pharmaceuticals profits inure to J&J's benefit.

123. J&J, Janssen Pharmaceuticals, Inc., Noramco, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc., and Janssen Pharmaceutica, Inc. (collectively, "Janssen") are or have been in the business of manufacturing, selling, promoting, and/or distributing both brand name and generic opioids throughout the United States.

124. Janssen manufactures, promotes, sells, and distributes drugs in the United States, including the opioid Duragesic (fentanyl). Before 2009, Duragesic accounted for at least $1 billion in annual sales. Until January 2015, Janssen developed, marketed, and sold the opioids Nucynta (tapentadol) and Nucynta ER. Together, Nucynta and Nucynta ER accounted for $172 million in sales in 2014.

125.    Janssen made thousands of payments to physicians nationwide, including in Arizona, ostensibly for activities including participating on speakers' bureaus, providing consulting services, assisting in post-marketing safety surveillance and other services, but in fact to deceptively promote and maximize the use of opioids.

126.    Janssen, like many other companies, has a corporate code of conduct, which sets forth the organization's mission, values and principles. Janssen's employees are required to read, understand and follow its Code of Conduct for Health Care Compliance. Johnson & Johnson imposes this code of conduct on Janssen as a pharmaceutical subsidiary of J&J.[42] Documents posted on J&J's and Janssen's websites confirm J&J's control of the development and marketing of opioids by Janssen. Janssen's website *Ethical Code for the Conduct of Research and Development*," names only J&J and does not mention Janssen anywhere within the document. The *Ethical Code for the Conduct of Research and Development*" posted on the Janssen website is J&J's company-wide Ethical Code, which it requires all of its subsidiaries to follow.

127.    The "Every Day Health Care Compliance Code of Conduct" posted on Janssen's website is a J&J company-wide document that describes Janssen as one of the "Pharmaceutical Companies of Johnson & Johnson" and as one of the "Johnson & Johnson Pharmaceutical Affiliates." It governs how "[a]ll employees of Johnson & Johnson Pharmaceutical Affiliates," including those of Janssen, "market, sell, promote, research, develop, inform and advertise Johnson & Johnson Pharmaceutical Affiliates' products." All Janssen officers, directors, employees, sales associates must certify that they have "read, understood and will abide by" the code. The code governs all of the forms of marketing at issue in this case. J&J made payments to thousands of physicians nationwide, including in Arizona, ostensibly for activities including participating on speakers' bureaus, providing consulting services, assisting in post-marketing safety surveillance and other services, but in fact to deceptively promote and maximize the use of opioids.

---

[42] Depomed, Inc. acquired the rights to Nucynta and Nucynta ER from Janssen in 2015.

### d.     Endo and Associated Companies

128.    Defendant Endo Health Solutions Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania.

129.    Defendant Endo Pharmaceuticals Inc. is a wholly owned subsidiary of Endo Health Solutions Inc. and is a Delaware corporation with its principal place of business in Malvern, Pennsylvania.

130.    Endo Health Solutions Inc. and Endo Pharmaceuticals Inc. (collectively, "Endo") are or have been in the business of manufacturing, selling, promoting, and/or distributing both brand name and generic opioids throughout the United States.

131.    Endo develops, markets, and sells prescription drugs, including the opioids Opana/Opana ER, Percodan, Percocet, generic versions of oxycodone, oxymorphone, hydromorphone and hydrocodone in the United States. Opioids made up roughly $403 million of Endo's overall revenues of $3 billion in 2012. Opana ER yielded $1.15 billion in revenue from 2010 and 2013, and it accounted for 10% of Endo's total revenue in 2012. On June 8, 2017, the FDA requested that Endo remove Opana ER from the market because of a "serious outbreak" of HIV and hepatitis C due to abuse of the drug after the reformulation of Opana from a nasal spray to an injectable.[43] In response to the FDA's request, Endo removed Opana ER from the market in July 2017, the first time the agency had ever moved to pull an opioid medication from sale.[44] Endo also manufactures and sells generic opioids such as oxycodone, oxymorphone, hydromorphone, and hydrocodone products in the United States, by itself and through its subsidiary, Qualitest

---

[43] Press Release, U.S. Food & Drug Administration, FDA Requests Removal of Opana ER for Risks Related to Abuse (June 8, 2017), https://www.fda.gov/NewsEvents/Newsroom/PressAnnouncements/ucm562401.htm. (hereinafter "FDA Requests Removal of Opana ER").

[44] Press Release, Endo International PLC, Endo Provides update on Opana ER (July 6, 2017), http://investor.endo.com/news-releases/news-release-details/endo-provides-update-opanar-er (hereinafter "Endo Provides Update on Opana ER").

Pharmaceuticals, Inc.

132.    Endo made thousands of payments to physicians nationwide, including in Arizona, ostensibly for activities including participating on speakers' bureaus, providing consulting services, assisting in post-marketing safety surveillance and other services, but in fact to deceptively promote and maximize the use of opioids.

### e.    Abbott Laboratories

133.    Defendant Abbott Laboratories is an Illinois corporation with its principal place of business in Abbott Park, Illinois. Defendant Abbott Laboratories, Inc. is a subsidiary of Abbott Laboratories, whose principal place of business is also in Abbott Park, Illinois. Defendants Abbott Laboratories and Abbott Laboratories, Inc. are referred to collectively as "Abbott."

134.    Abbott was primarily engaged in the promotion and distribution of opioids nationally due to the co-promotional agreement with Purdue. Pursuant to that agreement, between 1996 and 2006, Abbott actively promoted, marketed, and distributed Purdue's opioid products as set forth above.

135.    Abbott, as part of the co-promotional agreement, helped turn OxyContin into the largest selling opioid in the nation. Under the co-promotional agreement with Purdue, the more Abbott generated in sales, the higher the reward. Specifically, Abbott received 25% to 30% of all net sales for prescriptions written by doctors its sales force called on. This agreement was in operation from 1996-2002, following which Abbott continued to receive a residual payment of 6% of net sales up through at least 2006.

136.    With Abbott's help, sales of OxyContin went from a mere $49 million in its first full year on the market to $1.2 billion in 2002. Over the life of the co-promotional agreement, Purdue paid Abbott nearly half a billion dollars.

137.    Abbott and Purdue's conspiring with Pharmacy Benefit Managers (PBMs) to drive opioid use is well established. As described in an October 28, 2016, article from Psychology Today entitled *America's Opioid Epidemic*:

Abbott and Purdue actively misled prescribers about the strength and safety of the painkiller [OxyContin]. To undermine the policy of requiring prior authorization, they offered lucrative rebates to middlemen such as Merck Medco [now Express Scripts] and other pharmacy benefits managers on condition that they eased availability of the drug and lowered co-pays. The records were part of a case brought by the state of West Virginia against both drug makers alleging inappropriate and illegal marketing of the drug as a cause of widespread addiction…. One reason the documents are so troubling is that, in public at least, the drug maker was carefully assuring authorities that it was working with state authorities to curb abuse of OxyContin. Behind the scene, however, as one Purdue official openly acknowledged, the drug maker was "working with Medco (PBM) [now Express Scripts] to try and make parameters [for prescribing] less stringent."[45]

### f.   Amneal Pharmaceuticals, LLC

138.   Defendant Amneal Pharmaceuticals, LLC ("Amneal LLC") is a Delaware limited liability company with its principal place of in New Jersey.

139.   Defendant Amneal Pharmaceuticals, Inc. ("API") is a Delaware corporation with its principal place of business in New Jersey.  API is the managing member of Amneal LLC, and conducts and exercises full control over all activities of Amneal LLC.[46]

140.   API and Amneal LLC are referred to herein as "Amneal."

141.   At all relevant times, Amneal has sold prescription drugs including opioids in Arizona and across the United States.

### g.   Assertio Therapeutics, Inc.

142.   Defendant Assertio Therapeutics, Inc. f/k/a Depomed, Inc. ("Assertio" or "Depomed") is a Delaware corporation with its principal place of business in Lake Forest, Illinois. Assertio describes itself as a specialty pharmaceutical company focused on pain and other central

---

[45] American Society of Addiction Medicine, *America's Opioid Epidemic – Court released documents show drug makers blocked efforts to curb prescribing*, PSYCHOLOGY TODAY, Oct. 28, 2016, https://www.psychologytoday.com/blog/side-effects/201610/america-s-opioid-epidemic.

[46] *Id.*

nervous system conditions. Assertio develops, markets, and sells prescriptions drugs in Arizona and across the United States. Assertio acquired the rights to Nucynta and Nucynta ER for $1.05 billion from Janssen pursuant to a January 15, 2015, Asset Purchase Agreement. This agreement closed on April 2, 2015.

### h.    Mallinckrodt Entities

143.    Defendant Mallinckrodt plc is an Irish public limited company with its headquarters in Staines-Upon-Thames, Surrey, United Kingdom. Mallinckrodt plc was incorporated in January 2013 for the purpose of holding the pharmaceuticals business of Covidien plc, which was fully transferred to Mallinckrodt plc in June of that year. Mallinckrodt plc also operates under the registered business name Mallinckrodt Pharmaceuticals, with its U.S. headquarters in Hazelwood, Missouri.

144.    Defendant Mallinckrodt LLC (together with Mallinckrodt plc and SpecGx LLC, "Mallinckrodt") is a Delaware corporation with its headquarters in Hazelwood, Missouri. Defendant SpecGx LLC is a Delaware limited liability company with its headquarters in Clayton, Missouri and is a wholly-owned subsidiary of Mallinckrodt plc. Mallinckrodt manufactures, markets, sells and distributes pharmaceutical drugs throughout the United States, and to Plaintiffs. Mallinckrodt is the largest U.S. supplier of opioid pain medications and among the top ten generic pharmaceutical manufacturers in the United States, based on prescriptions.

145.    Mallinckrodt manufactures and markets two branded opioids: Exalgo, which is extended-release hydromorphone, sold in 8, 12, 16, and 32 mg dosage strengths, and Roxicodone, which is oxycodone, sold in 15 and 30 mg dosage strengths. In 2009, Mallinckrodt Inc., a subsidiary of Covidien plc, acquired the U.S. rights to Exalgo. The FDA approved Exalgo for treatment of chronic pain in 2012. Mallinckrodt further expanded its branded opioid portfolio in 2012 by purchasing Roxicodone from Xanodyne Pharmaceuticals. In addition, Mallinckrodt developed Xartemis XR, an extended-release combination of oxycodone and acetaminophen, which the FDA approved in March 2014, and which Mallinckrodt has since discontinued.

Mallinckrodt promoted its branded opioid products with its own direct sales force.

146.    While it has sought to develop its branded opioid products, Mallinckrodt has long been a leading manufacturer of generic opioids. Mallinckrodt estimated that in 2015 it received approximately 25% of the DEA's entire annual quota for controlled substances that it manufactures. Mallinckrodt also estimated, based on IMS Health[47] data for the same period, that its generics claimed an approximately 23% market share of DEA Schedules II and III opioid and oral solid dose medications.[48]

147.    Mallinckrodt operates a vertically integrated business in the United States: (1) importing raw opioid materials, (2) manufacturing generic opioid products, primarily at its facility in Hobart, New York, and (3) marketing and selling its products to drug distributors, specialty pharmaceutical distributors, retail pharmacy chains, pharmaceutical benefit managers that have mail-order pharmacies, and hospital buying groups.

148.    Among the drugs Mallinckrodt manufactures or has manufactured are the following: Schedule II: Exalgo (Hydromorphone hydrochloride, extended release), Roxicodone (Oxycodone hydrochloride), Xartemis XR (Oxycodone hydrochloride and acetaminophen), Methadose (Methadone hydrochloride), generic morphine sulfate extended release, morphine sulfate oral solution, fentanyl transdermal system, oral transmucosal fentanyl citrate, oxycodone and acetaminophen, hydrocodone bitartrate and acetaminophen, hydromorphone hydrochloride, hydromorphone hydrochloride, extended release, oxymorphone hydrochloride, Methadone hydrochloride. Schedule III: buprenorphine and naloxone. Unscheduled: naltrexone hydrochloride.

149.    Mallinckrodt made thousands of payments to physicians nationwide, including in

---

[47] "IMS Health was a [provider of] information, services and technology for the healthcare industry, including U.S. physician prescribing data." It has changed its corporate form and is now known as "IQVIA."

[48] Mallinckrodt plc, 2016 Annual Report (Form 10-K), *available at* http://www.mallinckrodt.com/investors/annual-reports/.

Arizona, ostensibly for activities including participating on speakers' bureaus, providing consulting services, assisting in post-marketing safety surveillance and other services, but in fact to deceptively promote and maximize the use of opioids.

### i.   Allergan and Associated Companies

150.   Defendant Allergan plc ("Allergan") is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. Shares of Allergan are traded on the New York Stock Exchange (NYSE: AGN). In its most recent Form 10-K filed with the SEC, Allergan plc stated that it does business in the United States through its U.S. Specialized Therapeutics and U.S. General Medicine segments, which generated nearly 80% of the company's $15.8 billion in net revenue during the year ended December 31, 2018.

151.   Before (the entities defined above as) Actavis was sold to Teva Ltd. in August 2016, Actavis was part of the same corporate family as Allergan and sold and marketed opioids as part of a coordinated strategy to sell and market the branded and generic opioids of Allergan and Actavis.

152.   Defendant Allergan plc has, at all times, exercised control over these marketing and sales efforts and profits from the sale of its subsidiaries' products ultimately inure to its benefit, including those sales by Actavis during the period of its ownership and control by Allergan. Allergan is or has been in the business of manufacturing, selling, promoting, and/or distributing both brand name and generic opioids throughout the United States, including to Plaintiffs.

153.   Collectively, the Purdue Defendants, Actavis, Amneal, Teva, Janssen, Assertio, Endo,  Abbott, Allergan and Mallinckrodt are referred to as "Marketing Defendants."

### 2.   **Distributor Defendants**

154.   The Distributor Defendants are defined below. At all relevant times, the Distributor Defendants have distributed, supplied, sold, and placed into the stream of commerce prescription opioids, without fulfilling the fundamental duty of wholesale drug distributors to detect and warn of diversion of dangerous drugs for non-medical purposes. The Distributor Defendants universally

failed to comply with Arizona law. The Distributor Defendants are engaged in "wholesale distribution," as defined under Arizona law. Plaintiffs allege the unlawful conduct by the Distributor Defendants is a substantial cause for the volume of prescription opioids plaguing Plaintiffs' communities.

### a.    AmerisourceBergen Drug Corporation

155.    Defendant AmerisourceBergen ("AmerisourceBergen") is a Delaware corporation with its principal place of business in Chesterbrook, Pennsylvania.

156.    AmerisourceBergen is a wholesaler of pharmaceutical drugs that distributes opioids throughout the country, including in Arizona. AmerisourceBergen is the eleventh largest company by revenue in the United States, with annual revenue of $147 billion in 2016.

157.    According to its 2016 Annual Report, AmerisourceBergen is "one of the largest global pharmaceutical sourcing and distribution services companies, helping both healthcare providers and pharmaceutical and biotech manufacturers improve patient access to products and enhance patient care."[49]

### b.    Anda, Inc.

158.    Defendant Anda, Inc., ("Anda") through its various DEA registrant subsidiaries and affiliated entities, including but not limited to, Anda Pharmaceuticals, Inc., is the fourth largest distributor of generic pharmaceuticals in the United States. Anda is a Florida corporation with its principal place of business in Weston, Florida. In October 2016, Defendant Teva Ltd. acquired Anda from Allergan plc (i.e. Defendant Actavis), for $500 million in cash. At all times relevant to this Complaint, Anda distributed prescription opioids throughout the United States, including in Arizona and within the communities served by Plaintiffs.

---

[49]    AmerisourceBergen,    2016    Summary    Annual    Report, http://investor.amerisourcebergen.com/static-files/37daf1ed-4d41-4547-bb87-86d501087dbb.

### c.      Cardinal

159.   Defendant Cardinal Health, Inc. ("Cardinal") is an Ohio Corporation with its principal place of business in Dublin, Ohio. In 2016, Cardinal generated revenues of $121.5 billion.

160.   Cardinal is a global distributor of pharmaceutical drugs and medical products. It is one of the largest distributors of opioids in the United States. It has annual resources of over $120 billion. Additionally, in December 2013, Cardinal formed a ten-year agreement with CVS Caremark to form the largest generic drug sourcing operation in the United States. Cardinal has, at all relevant times, had distribution centers throughout the United States, including Arizona, and has distributed opioids nationwide.

### d.      H. D. Smith, LLC

161.   Defendant H. D. Smith, LLC f/k/a H. D. Smith Wholesale Drug Co. ("H. D. Smith") through its various DEA registered subsidiaries and affiliated entities, is a wholesaler of pharmaceutical drugs that distributes opioids throughout the United States, including Arizona and the communities served by Plaintiffs. H. D. Smith is a privately held independent pharmaceuticals distributor of wholesale brand, generic and specialty pharmaceuticals and is a Delaware corporation with its principal place of business in Illinois. H. D. Smith Wholesale Drug Co. has been restructured and is currently doing business of H. D. Smith, LLC's sole member is H. D. Smith Holdings, LLC, and its sole member is H. D. Smith Holding Company, a Delaware corporation with its principal place of business in Illinois. H. D. Smith is the largest independent wholesaler in the United States. In January 2018, Defendant AmerisourceBergen acquired H. D. Smith. At all relevant times, H. D. Smith distributed prescription opioids throughout the United States including in Arizona.

### e.      Henry Schein Entities

162.   Defendant Henry Schein, Inc. (Henry Schein) describes its business as providing a products and services to integrated health systems, designed specifically for and focused