**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kingman Hospital Incorporated, *et al.*, | No. CV-19-08240-PCT-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Purdue Pharma LP, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Emergency Motion to Remand (Doc. 8), in which Plaintiffs argue that their Complaint does not raise a federal question and the Court therefore lacks federal question jurisdiction in this matter under 28 U.S.C. § 1331, contrary to Defendants' allegations in the Notice of Removal (Doc. 1, Notice). Because Defendants already made their argument for federal question jurisdiction in the Notice, and because the Court has an independent obligation to determine its subject matter jurisdiction in every case, the Court will not await Defendants' response to Plaintiffs' Emergency Motion.

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party is required to provide a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). The removing party carries the burden of establishing subject matter jurisdiction, and doubts about federal jurisdiction should be resolved in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see* 28 U.S.C. § 1447(c). A plaintiff may

seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. *Id.*

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is "obligated to consider *sua sponte* whether [it has] subject matter jurisdiction" in each case and to dismiss a case when subject matter jurisdiction is lacking. *Valdez*, 372 F.3d at 1116 (internal quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3).

In the Complaint (Doc. 1-3 at 105–157; 1-4; 1-5, Compl.), Plaintiffs raise nine state law causes of action based on Defendants' alleged participation in the marketing and distribution of opioid medications. Defendants removed the action to this Court based on federal question jurisdiction because Plaintiffs allege that certain Defendants "saw the profit potential in opioid sales, participated in the conspiracy by ignoring their legal responsibilities under the Controlled Substances Act, and flooded affected areas with opioids while knowing they were contributing to, but profiting from, widespread addiction and human misery." (Notice ¶ 9 (citing Compl. ¶ 14).) Defendants thus argue that Plaintiffs' "right to relief necessarily depends on resolution of a substantial question of federal law"—namely, responsibilities under the Controlled Substances Act. (Notice ¶ 21 (citing *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012)).)

"[W]here a claim finds its origins in state rather than federal law," the Supreme Court has "identified a special and small category of cases in which arising under jurisdiction still lies." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (internal quotations omitted). To find federal question jurisdiction within state law claims, the Court asks:

"Does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Id.* (internal quotations omitted).

The Court agrees with the courts that have addressed this issue in similar cases and found that, to the extent the Complaint raises any question under the Controlled Substances Act, the question is not substantial, resolution of the question is not essential for Plaintiffs to succeed, and the Controlled Substances Act does not provide for a private right of action, indicating that Congress did not intend that federal courts would exercise federal question jurisdiction and provide remedies under the statute. *E.g. Tucson Med. Ctr. v. Purdue Pharma LP*, No. CV-18-00532-TUC-RCC, 2018 WL 6629659, at *3 (D. Ariz. Dec. 19, 2018) (citing Doc. 30-1, Order in *City of Worcester v. Purdue Pharma LP*, No. 18-11958 (D. Mass. Nov. 21, 2018)); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 812 (1986) (concluding no federal question jurisdiction exists over a state law claim implicating a violation of federal branding rules, in part because no private right of action exists for that violation and finding federal question jurisdiction would "flout, or at least undermine, congressional intent").

Because Plaintiffs have not raised a federal question in their Complaint sufficient to confer subject matter jurisdiction on this Court, and diversity jurisdiction does not exist, the Court must remand this action. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (concluding that, "[w]ithout the hook of [federal question] jurisdiction—the basis for original jurisdiction—the district court has no power under either 28 U.S.C. § 1367 or Article III of the Constitution to adjudicate *any* claims in the lawsuit" and should remand the case to state court).

IT IS THEREFORE ORDERED granting Plaintiffs' Emergency Motion to Remand (Doc. 8).

. . . .

. . . .

1     IT IS FURTHER ORDERED directing the Clerk of Court to remand this action to Mohave County Superior Court as soon as is practicable.

Dated this 27th day of August, 2019.

_____
Honorable John J. Tuchi
United States District Judge